511 So.2d 628 (1987)
Duane Anthony HICKS, Appellant,
v.
Pamela Wright HICKS, Appellee.
No. 86-2579.
District Court of Appeal of Florida, Second District.
July 17, 1987.
Rehearing Denied August 25, 1987.
Marshall G. Slaughter, Bartow, for appellant.
Arthur C. Fulmer, Lakeland, for appellee.
SCHOONOVER, Judge.
The appellant, Duane Anthony Hicks (husband), appeals a final judgment dissolving his marriage to the appellee, Pamela Wright Hicks (wife).
We find merit only in the husband's contention that the trial court erred in awarding sole parental responsibility of the parties' minor child to the wife without finding that shared parental responsibility would be detrimental to the child. We affirm in all other respects.
The final judgment in this case reflects that the court, in addition to awarding the sole care, custody, and control of the parties' minor child to the wife, found that the best interest and well being of the child required that the wife have sole parental responsibility of the child. The court did not, however, make a finding that shared parental responsibility would be detrimental to the child before awarding sole parental responsibility to the wife as required by section 61.13(2)(b)2, Florida Statutes (1985).
In Nichols v. Nichols, 432 So.2d 648 (Fla. 1st DCA 1983), our sister court held that the best interest of the child standard, as used by the trial court in this case, does not obviate the necessity of a specified finding *629 that shared parental responsibility would be detrimental to the child before awarding sole parental responsibility to one parent. See also, Holland v. Holland, 458 So.2d 81 (Fla. 5th DCA 1984). We agree with the holding of Nichols and, accordingly, remand for further proceedings. Upon remand, the trial court should, with or without receiving additional evidence, enter an appropriate order indicating its determination as to whether shared parental responsibility would be detrimental to the parties' child. Nichols.
Affirmed in part and remanded.
SCHEB, A.C.J., and CAMPBELL, J., concur.