576 So.2d 402 (1991)
Gaetano LONGO, Appellant,
v.
Karen Lynn LONGO, Appellee.
No. 90-01784.
District Court of Appeal of Florida, Second District.
March 15, 1991.
Russell G. Marlowe of Brick & Davis, P.A., Port Richey, for appellant.
Susan C. Wilkerson of Taylor & Wilkerson, P.A., Port Richey, for appellee.
THREADGILL, Judge.
The husband appeals an order denying his motion for rehearing and to set aside *403 default and default judgment. We affirm the order but find that granting of sole custody of the minor children to the wife and denying the husband visitation rights, without the requisite findings of detriment to the children, is error.
On January 22, 1990, the husband was served with the wife's petition for dissolution of marriage. The husband failed to respond and a default was entered against him on February 14, 1990. Thereafter, a final hearing was held of which the husband received notice but failed to attend. On March 9, 1990, a final judgment of dissolution of marriage was entered. The final judgment awarded the wife alimony, sole custody of the children, child support and made an equitable distribution of property. However, the final judgment denied the husband all rights of visitation with the minor children, which relief had not been requested in the petition. The husband thereafter hired an attorney who filed a motion for rehearing and to set aside the default and default judgment on the grounds of excusable neglect and the existence of a meritorious defense. Following an evidentiary hearing, the husband's motion was denied.
The husband argues that the trial court abused its discretion in denying his motion. We disagree. At the hearing on the husband's motion, he failed to establish the existence of a meritorious defense. In addition, there was substantial competent evidence presented from which the trial court could have determined a lack of excusable neglect. See Westinghouse Elevator Co. v. DFS Constr. Co., 438 So.2d 125 (Fla. 2d DCA 1983).
We decline to consider the husband's issue on appeal concerning the distribution of marital assets. The Florida Supreme Court in Bland v. Mitchell, 245 So.2d 47 (Fla. 1970) held that denial of a motion to vacate a default cannot on appeal bring up for review the merits of the final judgment sought to be vacated. However, we are not precluded from considering the husband's issues of child custody and visitation. Such issues are to be determined upon the best interest of the children, and are not to be foreclosed because of pleading defaults. Rhines v. Rhines, 483 So.2d 4 (Fla. 2d DCA 1985), rev. den., 488 So.2d 68 (Fla. 1986); Seibert v. Seibert, 436 So.2d 1104 (Fla. 4th DCA 1983).
Section 61.13(2)(b)2, Florida Statutes (1989) requires the court to order shared parental responsibility unless the court finds that it would be detrimental to the child. The trial court did not make this specified finding of detriment in the final judgment and therefore erred in granting sole custody of the children to the wife. See Hicks v. Hicks, 511 So.2d 628 (Fla. 2d DCA 1987). As stated in section 61.13(2)(b)1, "[i]t is the public policy of this state to assure that each minor child has frequent and continuing contact with both parents after the ... marriage of the parties is dissolved and to encourage parents to share the rights and responsibilities of childrearing." A natural parent should not be precluded from asserting valid parental rights, irrespective of a default judgment entered against him. See Rhines; Doane v. Doane, 279 So.2d 46 (Fla. 4th DCA 1973).
Finally, the final judgment granted relief which was not sought in the petition for dissolution, specifically, a termination of the husband's visitation rights. A party against whom a default is entered can only be said to have admitted the wellpleaded facts, and to have acquiesced in the relief specifically prayed for. Williams v. Williams, 227 So.2d 746 (Fla. 2d DCA 1969); Freeman v. Freeman, 447 So.2d 963 (Fla. 1st DCA 1984).
We therefore, remand this case for the trial court to make a determination, with or without receiving additional evidence, as to whether shared parental responsibility would be detrimental to the parties' children, and to enter an appropriate order thereon. Hicks.
Affirmed in part, reversed in part and remanded.
CAMPBELL, A.C.J., and PATTERSON, J., concur.