665 So.2d 352 (1995)
Monte Olin GRIFFIN, Appellant,
v.
Holly Leah GRIFFIN, Appellee.
No. 95-1208.
District Court of Appeal of Florida, First District.
December 28, 1995.
Kimberly M. Reid and Jerri A. Blair of Blair & Cooney, Tavares, for Appellant.
Richard T. Donelan, Jr. and Mary Alice Puritz of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, for Appellee.
PER CURIAM.
This appeal arises from a final judgment dissolving the parties' marriage, determining custody of the parties' minor child, establishing child support, and ordering Appellant to pay various expenses. Appellant raises seven issues, three of which require us to reverse and remand.
We hold that the trial court erred in awarding sole parental responsibility of the child to Appellee without making a specified finding on the record or in the final judgment that shared parental responsibility would be detrimental to the child. See Bader v. Bader, 639 So.2d 122 (Fla. 2d DCA) (en banc), *353 rev. denied, 649 So.2d 232 (Fla. 1994). Such an error has been held to be reversible. Hicks v. Hicks, 511 So.2d 628 (Fla. 2d DCA 1987); Nichols v. Nichols, 432 So.2d 648 (Fla. 1st DCA 1983). Section 61.13(2)(b)2, Florida Statutes, requires that parental responsibility be shared by both parents unless the court finds that "shared parental responsibility would be detrimental to the child." Accordingly, we reverse and remand for the trial court to revisit this issue and make appropriate findings.
We hold that the trial court also erred in failing to include in the final judgment a provision modifying the previous injunction against Appellant. The judge pronounced at trial, without objection, that he would make the modification in order to allow Appellant to contact Appellee for purposes of arranging visitation with the child. See Gallardo v. Gallardo, 593 So.2d 522, 524 (Fla. 3d DCA 1991) (trial court erred in not conforming final judgment to oral pronouncements), rev. denied, 604 So.2d 486 (Fla. 1992). We remand for the trial court to supplement the final judgment accordingly.
Also on remand, the trial court shall address Appellant's request that Appellee execute a release of the Federal Income Tax Dependency Exemption. The trial court failed to rule on this issue although it was raised by Appellant below.
As to the four remaining issues, we affirm without comment.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
ERVIN, BOOTH and WEBSTER, JJ., concur.