699 So.2d 811 (1997)
Virginia Hart STELK, Appellant/Cross Appellee,
v.
Randy Edward STELK, Appellee/Cross Appellant.
No. 96-864.
District Court of Appeal of Florida, First District.
September 25, 1997.
*812 John M. Merrett, Jacksonville, for appellant/cross appellee.
Jeffrey A. Conner of Lyman T. Fletcher, Jacksonville, for appellee/cross appellant.
PER CURIAM.
Appellant raises a number of issues on appeal, two of which require reversal. We determine that the trial court erred (as conceded by appellee) in awarding sole parental responsibility to the former husband without a specific finding that shared parental responsibility would be detrimental to the child. See § 61.13(2), Fla. Stat. (1995); Griffin v. Griffin, 665 So.2d 352 (Fla. 1st DCA 1995). We reverse and remand as to this issue for the trial court to revisit the question of shared parental responsibility and to make appropriate findings.
We also determine that the trial court's order is internally inconsistent as to child support. The court found that "the former husband has the ability to earn income and has voluntarily committed himself to no income"; however, the court failed to impute any income to the husband in calculating the child support obligation. Section 61.30(2)(b), Florida Statutes (1995), requires imputation of income after making a finding of voluntary underemployment. See Thilem v. Thilem, 662 So.2d 1314, 1316 (Fla. 3d DCA 1995). The statute requires that the level of income to be imputed shall be based on employment potential and probable earnings. See Neal v. Meek, 591 So.2d 1044, 1046 (Fla. 1st DCA 1991). Appellee argues that there was little or no evidence in the record to support the "probable earnings level" of the former husband. We find, however, that the trial court could have imputed some level of income to the former husband based on the evidence presented of recent employment history and qualifications. See § 61.30(2)(b), Fla. Stat. (1995). It is impossible for us to determine the trial court's reasons for failing to do this. We, therefore, reverse and remand as to this issue with instructions that the trial court revisit the issue and make appropriate findings.
We affirm as to all other issues.[1]
JOANOS, WOLF and VAN NORTWICK, JJ., concur.
NOTES
[1] The record on appeal indicates that a notice of cross appeal was filed; however, because no issue on cross appeal was pursued, we hereby dismiss the cross appeal.