855 So.2d 1199 (2003)
David ROSADO, Appellant,
v.
Ibet Norma ROSADO, Appellee.
No. 5D02-1400.
District Court of Appeal of Florida, Fifth District.
October 10, 2003.
*1200 Gregory E. Tucci, Ocala, for Appellant.
Mark D. Shelnutt of Mark D. Shelnutt, P.A., Ocala, for Appellee.
THOMPSON, J.
David Rosado, the former husband, appeals a final order of dissolution of marriage. We reverse the awards of alimony and attorney's fees, and remand for reconsideration of the alimony award.
The parties were married in 1978 and have two grown children. Their incomes and assets are modest. The former wife earns $1,240 net monthly, while the former husband has a net income of $2,497, including $1,810 from employment and $687 in disability payments. The major marital asset was the former husband's military pension of $688 per month, which the court distributed equally. We find no abuse of discretion in the distribution of marital assets.
The final judgment provides: "As permanent periodic alimony, the Wife shall receive one-half ... of the Husband's Military Disability Benefits, to-wit: the sum of $343.00 per month." Although we conclude that there was no abuse of discretion in the amount of the alimony award, $343 per month, the court erred in using the former husband's disability benefits as the source of the alimony. This arrangement is forbidden under Mansell v. Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). See also Abernethy v. Fishkin, 699 So.2d 235, 239 (Fla.1997) (holding that the division of veterans' disability benefits, whether through court order or settlement agreement, is preempted by federal law). The alimony award must therefore be reversed.
We do not agree with the suggestion that to correct the error in awarding the wife half of the disability benefits that the trial court on remand should simply award the former wife the entirety of the retirement benefits. First, the pension benefit was equally divided as a marital asset, so the former husband's share may not be used as a source of alimony. *1201 See Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986) (holding that an injustice would result if the trial court were to consider the same asset in calculating both property distribution and support obligations). Second, under Mansell, a court may not award a former spouse more than 50% of the military member's retirement pay. 490 U.S. at 589, 109 S.Ct. 2023. The court could, however, instead of treating the retirement pension as a marital asset, consider it income to the former husband and thus a source of alimony payments. See Bujarski v. Bujarski, 530 So.2d 953 (Fla. 5th DCA 1988).
On remand, the court should make findings regarding the husband's claim that the former wife is underemployed. After making that determination, if the court deems the wife entitled to an alimony award, it may make an award from the husband's employment income, or, it may treat the pension as a source of income instead of as a marital asset.
Finally, we must reverse the award of attorney's fees to the former wife. The parties are in similar financial circumstances, except that the former husband was awarded a greater proportion of the marital liabilities, so the award was not warranted. See e.g. Schiller v. Schiller, 625 So.2d 856 (Fla. 5th DCA 1993).
REVERSED and REMANDED.
COBB, W., Senior Judge, ROUSE, R., Associate Judge, concur.