972 So.2d 290 (2008)
Thomas M. DUFFEY, Appellant/Cross-Appellee,
v.
Denise Lou DUFFEY, Appellee/Cross-Appellant.
No. 5D07-1369.
District Court of Appeal of Florida, Fifth District.
January 18, 2008.
*291 James L. Homich, Mt. Dora, for Appellant.
Denise L. Duffey, Tavares, pro se.
MONACO, J.
This rather bitterly contested dissolution of marriage action resulted in a final judgment of dissolution that we affirm in all respects, save one. We conclude that because the trial court did not consider the issue framed by the pleadings of whether the former husband should be required to obtain and maintain a policy of life insurance to secure his obligated payments of alimony and child support, a remand on this matter is required.
Very briefly, the former husband, Thomas M. Duffey, who is now 63 years old, and the former wife, Denise Lou Duffey, had a long-term marriage that resulted in one adopted child who is now over the age of majority, and another adult, but dependent child who was born with Down's Syndrome, and suffers from other serious medical conditions. According to the final judgment, the factual findings of which are supported by substantial competent evidence, the parties established a profitable business in the electronics and computer industry, and lived an "upper middle class" lifestyle. As the marriage fell apart, the business failed, the former husband moved to Kentucky to be with his girlfriend and his child by her, and the assets formerly enjoyed by the parties dwindled substantially. During the course of the marriage, Mr. Duffey maintained a life insurance policy on his life in the amount of $1,500,000 in which Ms. Duffey was named as the beneficiary. Eventually, the policy was cancelled for nonpayment of premiums.
Ultimately the trial court issued an order that dissolved the marriage and, among many other things, required Mr. Duffey to pay child support and permanent periodic alimony to Ms. Duffey, as well as retroactive child support of $20,365.92, and retroactive alimony of $95,000. Although Ms. Duffey's petition for dissolution requests the court to require Mr. Duffey to maintain life insurance on his life in an amount adequate to secure payment of his support obligations, the trial court did not address this issue in its otherwise very detailed and well-reasoned order.
Section 61.08(3), Florida Statutes (2007), addresses the insurance issue as follows:
To the extent necessary to protect an award of alimony, the court may order any party who is ordered to pay alimony to purchase or maintain a life insurance policy or bond, or to otherwise secure such alimony award with any other assets which may be suitable for that purpose.
In Sobelman v. Sobelman, 541 So.2d 1153, 1154-55 (Fla.1989), the Florida Supreme Court held that this statute authorizes a trial court to order the obligated spouse to purchase life insurance or other security to satisfy arrearages or otherwise to protect the spouse receiving the support in "appropriate circumstances." See also Layeni v. *292 Layeni, 843 So.2d 295, 300 (Fla. 5th DCA 2003). "Appropriate circumstances" may include the dire impact that the sudden death of the obligated party would have on the receiving party. See, e.g., Richardson v. Richardson, 722 So.2d 280, 281 (Fla. 5th DCA 1998); Sasnett v. Sasnett, 679 So.2d 1265, 1268-69 (Fla. 2d DCA 1996).
In the present case the trial court made no findings with respect to the insurance issue as raised in the pleadings. Accordingly, on remand the trial court should make findings concerning the issue of whether appropriate circumstances exist to justify requiring the former husband to acquire and maintain life insurance to secure his support obligations under the final judgment. In all other respects, however, the final judgment is affirmed.
AFFIRMED and REMANDED with instructions.
PLEUS and EVANDER, JJ., concur.