SAWAYA, J.
 

 Mohamed Rashid (Husband) appeals the Final Judgment of Dissolution of Marriage. He asserts that the trial court erred by: 1) awarding Shanta Rashid (Wife) sole parental responsibility of the parties’ daughter; 2) failing to make specific findings of fact to support the order requiring Husband to obtain insurance to secure his alimony and child support obligations; and 3) awarding Wife’s attorney’s fees.
 
 [1]
 

 It is not necessary to give a detailed narration of the facts and circumstances of these dissolution proceedings. It is sufficient to say that Wife filed a petition to end her twenty-two-year marriage to Husband and requested, among other things, alimony, child support, attorney’s fees, and shared parental responsibility. The court granted Wife’s request for attorney’s fees and awarded Wife alimony and child support, requiring Husband to secure the alimony and support obligations with life insurance.
 
 [2]
 
 Regarding Wife’s request for
 
 *994
 
 shared parental custody, the court went beyond the relief requested in Wife’s petition and awarded her sole parental responsibility for the parties’ teenage daughter, thus giving rise to the first issue asserted by Husband in this appeal.
 

 Shared parental responsibility is statutorily required unless the court specifically finds that it would be detrimental to the child. § 61.13(2)(b)2., Fla. Stat. (2006).
 
 [3]
 
 The courts have consistently held that without such a finding, an award of sole parental responsibility is inappropriate. Sc
 
 hram v. Schram,
 
 932 So.2d 245, 250 (Fla. 4th DCA 2005);
 
 Stelk v. Stelk,
 
 699 So.2d 811, 812 (Fla. 1st DCA 1997);
 
 Griffin v. Griffin,
 
 665 So.2d 352, 352-53, (Fla. 1st DCA 1995);
 
 Longo v. Longo,
 
 576 So.2d 402, 402 (Fla. 2d DCA 1991) (citing
 
 Hicks v. Hicks,
 
 511 So.2d 628 (Fla. 2d DCA 1987));
 
 see also Maslow v. Edwards,
 
 886 So.2d 1027, 1028 (Fla. 5th DCA 2004) (applying the statute and the requirement of appropriate findings to paternity actions). The trial court did not make the necessary finding in the final judgment. We note, parenthetically, that Wife requested primary residential parental responsibility, not sole parental responsibility, and that she concedes this error.
 
 See Furman v. Furman,
 
 707 So.2d 1183, 1183 (Fla. 2d DCA 1998). Accordingly, reversal of this part of the judgment is proper with remand to the trial court to revisit Wife’s request for shared parental responsibility and to make appropriate findings.
 
 Schram; Stelk
 

 The second issue arises from that part of the final judgment requiring Husband to obtain two life insurance policies, one to provide $300,000 in coverage to secure his alimony payments and the other for $100,000 in coverage to secure his child support payments. The courts are statutorily authorized to order the obligor to maintain life insurance to protect alimony awards and child support obligations,
 
 see
 
 § 61.08(3), Fla. Stat. (2006); § 61.13(l)(c), Fla. Stat. (2006), when “appropriate circumstances” exist to justify the award.
 
 Sobelman v. Sobelman,
 
 541 So.2d 1153, 1154-55 (Fla.1989). “ ‘Appropriate circumstances’ may include the dire impact that the sudden death of the obligated party would have on the receiving party.”
 
 Duffey v. Duffey,
 
 972 So.2d 290, 291 (Fla. 5th DCA 2008). In ordering this protection, the court should consider the “availability and cost of such insurance and the financial impact it will have on the former husband.”
 
 Lorman v. Lorman,
 
 633 So.2d 106, 108 (Fla. 2d DCA 1994);
 
 see also Kotlarz v. Kotlarz,
 
 21 So.3d 892, 893 (Fla. 1st DCA 2009);
 
 Schoditsch v. Schoditsch,
 
 888 So.2d 709, 709 (Fla. 1st DCA 2004);
 
 Burnham v. Burnham,
 
 884 So.2d 390, 392 (Fla. 2d DCA 2004).
 

 The final judgment should include appropriate findings regarding the availability and cost of insurance, the ability of the obligor to pay, and the appropriate circumstances that justify the insurance requirement.
 
 Kotlarz; Duffey; Smith v. Smith,
 
 912 So.2d 702, 704 (Fla. 2d DCA 2005);
 
 Schoditsch.
 
 Here, the trial court made no findings to support the order of life insurance, and Wife concedes the error. Accordingly, we reverse that part of the judgment ordering Husband to maintain life insurance and remand for further proceedings to allow the trial court to include appropriate findings regarding the insurance requirement or to remove the insurance requirement from the final judgment.
 
 Duffey; Smith; Schoditsch; Burnham.
 

 The last issue concerns Husband’s claim that the trial court erred in awarding $11,500 to Wife for attorney’s fees. Hus
 
 *995
 
 band claims Wife failed to show actual need and, after inequitable distribution in her favor, Wife is in the superior financial position and able to pay her own attorney’s fees. Awards of attorney’s fees in dissolution cases are governed by section 61.16(1), Florida Statutes (2006). Because the purpose of this statute is to ensure that each party has the ability to obtain competent counsel, the most important considerations are the financial ability to pay fees and the need of the party requesting fees.
 
 Lovell v. Lovell,
 
 14 So.3d 1111, 1116-17 (Fla. 5th DCA 2009). The need and ability to pay are determined by the trial court at the conclusion of the proceedings.
 
 Id.
 

 “After making a truly equitable distribution of marital assets it is inequitable to diminish the assets awarded either party by requiring one party to pay the litigation costs of the other where each party has substantially equal ability to pay their own costs and expenses.”
 
 McIntyre v. McIntyre,
 
 434 So.2d 61, 62 (Fla. 5th DCA 1983). Hence, it is an abuse of discretion to award attorney’s fees if the dissolution decree leaves both parties in equal financial positions.
 
 Lovell; Matajek v. Skowronska,
 
 927 So.2d 981, 988 (Fla. 5th DCA 2006);
 
 Rosado v. Rosado,
 
 855 So.2d 1199, 1201 (Fla. 5th DCA 2003);
 
 Schiller v. Schiller,
 
 625 So.2d 856, 862 (Fla. 5th DCA 1993). Here, the trial court did more than place Wife in an equal position to Husband; instead, the trial court inequitably distributed assets and placed Wife in a superior position to Husband.
 

 Wife responds that the fees were awarded to punish Husband for his misconduct during the dissolution proceedings. Specifically, she contends that Husband engaged in bad faith delay tactics that caused her to incur unnecessary fees as the proceedings progressed. Although there is authority for awards of fees in such circumstances,
 
 see Rosen v. Rosen,
 
 696 So.2d 697 (Fla.1997);
 
 Sumlar v. Sumlar,
 
 827 So.2d 1079 (Fla. 1st DCA 2002);
 
 Becker v. Becker,
 
 778 So.2d 438 (Fla. 1st DCA 2001);
 
 Mettler v. Mettler,
 
 569 So.2d 496 (Fla. 4th DCA 1990), there are no specific findings in the final judgment indicating that Husband’s misconduct is the reason for the fee award other than reference in the first numbered paragraph of the judgment to Husband’s noncompliance with certain discovery matters. We, therefore, reverse the award of attorney’s fees. On remand, if the trial court made the award because of Husband’s misconduct, appropriate findings should be included in the judgment to support the award.
 

 Those portions of the final judgment awarding sole parental responsibility to Wife, requiring Husband to obtain life insurance, and awarding attorney’s fees to Wife are reversed and the case is remanded for further proceedings consistent with this opinion.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 MONACO, C.J. and PALMER, J., concur.
 

 [1]
 

 . Husband also asserts that the trial court failed to make specific findings of fact to support the alimony award. We affirm as to this issue without further comment.
 

 [2]
 

 . Too, in the final judgment, the court made what can only be characterized as an inequitable distribution to Wife. The final judgment gives the reasons for the inequitable distribution, and Husband does not raise the inequity as an issue in this appeal.
 

 [3]
 

 . This requirement is now found in section 61.13(2)(c)(2), Florida Statutes (2009).