ORFINGER, J.
 

 Valeri Kouzine, the former husband, appeals a final judgment dissolving his marriage to Irina Kouzine, the former wife. The former husband contends the trial court erred in its distribution of certain marital assets and by requiring him to pay one-half of the former wife’s attorney’s fees. We affirm in part and reverse in part.
 

 Our review of the evidentiary basis for the claimed errors is limited, as the record does not contain a transcript of the trial. As a result, the trial judge’s findings are presumed correct.
 
 See Powers v. Powers,
 
 831 So.2d 724, 724 (Fla. 5th DCA 2002) (reiterating that appellant has burden to bring forth record adequate to demonstrate reversible error because trial court is presumed to be correct). In the absence of a transcript, our review is limited to errors apparent on the face of the judgment.
 
 Mobley v. Mobley,
 
 18 So.3d 724, 725 (Fla. 2d DCA 2009).
 

 
 *215
 
 Section 61.075(6)(a), Florida Statutes (2009), defines marital assets to include “assets acquired ... during the marriage, individually by either spouse or jointly by them.” An asset acquired prior to the marriage is, by definition, non-marital. § 61.075(6)(b)1., Fla. Stat. (2009). Non-marital assets also include those “[ajssets acquired separately by either party by noninterspousal gift, bequest, devise, or descent, and assets acquired in exchange for such assets.” § 61.075(6)(b)2., Fla. Stat. (2009). For purposes of this matter, the cut-off date for determining the marital status of assets is the date that the petition for dissolution was filed.
 
 See
 
 § 61.075(7), Fla. Stat. (2009);
 
 Valladares v. Junco-Valladares,
 
 30 So.3d 519, 523 (Fla. 3d DCA 2010).
 

 The trial court found that after the former wife left the marital home, she moved to a Jacksonville condominium, which she co-owns with her daughter. The trial court determined that the former wife’s interest in the Jacksonville condominium was a non-marital asset, finding:
 

 The Petitioner has since relocated to the city of Jacksonville, Florida, where she resides in an apartment with their daughter. The apartment (which the Court presumes to be a condominium) is one-half (1/2) owned by the Petitioner and one-half (1/2) owned by the Petitioner’s adult daughter.
 

 This finding fails to support a determination that the Jacksonville condominium was a non-marital asset. It is silent on when and how the former wife acquired her interest in the property. Accordingly, we reverse this part of the final judgment and remand for specific findings consistent with the requirements of section 61.075.
 
 See Smith v. Smith,
 
 971 So.2d 191 (Fla. 1st DCA 2007) (holding that trial court was required to make findings of fact to explain and justify its determination that marital residence was husband’s non-marital property).
 

 The trial court also found that when the former wife moved out of the marital residence, she withdrew $35,000 from the parties’ checking account, as well as “an additional $15,000.00, to lend and a $6,000, withdrawal for repayment of a loan.” The trial court equally distributed the $35,000 to the parties. However, the court did not address the additional $15,000, which it determined to be a marital asset. § 61.075(6)(a), Fla. Stat. (2009). We also remand for distribution of this asset.
 
 [1]
 

 Finally, the former husband argues that the trial court abused its discretion in ordering him to pay one-half of the former wife’s attorney’s fees, after finding that the parties stood on equal financial footing. A trial court has broad discretion in awarding attorney’s fees in a dissolution case.
 
 Rosenbloom v. Rosenbloom,
 
 892 So.2d 531, 535 (Fla. 4th DCA 2005). An award of attorney’s fees in a dissolution proceeding depends upon the relative financial circumstances of the parties pursuant to section 61.16, Florida Statutes. Section 61.16(1), Florida Statutes (2009), provides that, after considering the financial resources of both parties, the court may order one party to pay the other’s reasonable attorney’s fees and costs. This ensures that both parties are able to retain competent legal counsel. The proper inquiry is whether one spouse has a need for such fees and the other has the ability to pay them.
 
 Lovell v. Lovell,
 
 14 So.3d 1111,
 
 *216
 
 1116-17 (Fla. 5th DCA 2009). Because the trial court found the parties to be equally positioned financially, it was an abuse of discretion to award attorney’s fees.
 
 Rashid v. Rashid,
 
 35 So.3d 992, 995 (Fla. 5th DCA 2010);
 
 Matajek v. Skowronska,
 
 927 So.2d 981, 988 (Fla. 5th DCA 2006);
 
 Rosado v. Rosado,
 
 855 So.2d 1199, 1201 (Fla. 5th DCA 2003);
 
 McIntyre v. McIntyre,
 
 434 So.2d 61, 62 (Fla. 5th DCA 1983).
 

 For these reasons, we reverse and remand for specific findings as to the distribution of the Jacksonville condominium, if a marital asset, and the $15,000 withdrawn by the former wife, and strike the award of attorney’s fees to the former wife. We affirm the remainder of the final judgment.
 

 AFFIRMED in part; REVERSED in part; REMANDED.
 

 PALMER and JACOBUS, JJ„ concur.
 

 [1]
 

 . We note that the court did not distribute the $6,000 withdrawal, which the former husband does not challenge. However, it appears that the monies were used to pay a marital debt, and therefore, would have been equally distributed. Further, the issue was not raised on appeal.