PALMER, J.
Yougraj Beharry (father) appeals the final judgment of paternity entered by the trial court. Concluding that the trial court abused its discretion by ordering the father to secure a life insurance policy in the amount of $100,000.00, and that the final judgment contains a typographical error, we affirm in part and reverse in part.
The father filed a petition seeking a determination of paternity for his two children and for other related relief. After *792 conducting a non-jury trial, the trial court entered a final judgment which, among other things, provided for the payment of child support, shared parenting between the father and appellee, Jean Drake (mother), and ordered the father to secure his child support obligation with a life insurance policy in the amount of $100,000.00, with the mother as the named beneficiary.
The first argument presented by the father on appeal is that the trial court improperly delegated its decision-making authority to the mother’s attorney by adopting the mother’s proposed final judgment verbatim. To support his argument, the father relies on the Florida Supreme Court’s ruling in Perlow v. Berg-Perlow, 875 So.2d 383 (Fla.2004) in which the Court held:
When [a] trial judge accepts verbatim a proposed final judgment submitted by one party without an opportunity for comments or objections by the other party, there is an appearance that the trial judge did not exercise his or her independent judgment in the case. This is especially true when the judge has made no findings or conclusions on the record that would form the basis for the party’s proposed final judgment. This type of proceeding is fair to neither the parties involved in a particular case nor our judicial system.
875 So.2d at 390. We conclude that Per-low is factually distinguishable from the present case.
Here, the trial court received proposed final judgments from both parties and did not enter its final judgment until six days after the submission of the proposed judgments. The record reveals no facts to support any claim of impropriety on the part of the trial court, and the record supports the trial court’s factual findings as set forth in the final judgment.
The second argument presented by the father is that the trial court abused its discretion by ordering him to secure his child support obligation with a $100,000.00 life insurance policy. We agree.
Section 61.13(1)(c) of the Florida Statutes (2007) authorizes trial courts to order a parent to carry a life insurance policy:
Support of children; Parenting and time-sharing; Powers of Court
[[Image here]]
(c) To the extent necessary to protect an award of child support, the court may order the obligor to purchase or maintain a life insurance policy or a bond, or to otherwise secure the child support award with any other assets which may be suitable for that purpose.
However, the amount of life insurance required by the trial court must be related to the extent of the obligation being secured. Kotlarz v. Kotlarz, 21 So.3d 892, 893 (Fla. 1st DCA 2009) (citing Burnham v. Burnham, 884 So.2d 390, 392 (Fla. 2d DCA 2004)).
The father argues that the amount of the $100,000.00 life insurance policy ordered by the trial court was in excess of the amount necessary to secure his child support obligation.[1] According to the fa *793 ther, he is obligated to pay approximately $73,000.00 in child support payments. The mother does not dispute the father’s calculation of the total extent of his child support obligation, but, she argues that the difference between the amount of the policy and the father’s total child support obligation is minimal and, therefore, no reversible error has been demonstrated. We conclude that the trial court erred by requiring the father to purchase a life insurance policy in an amount which exceeds his child support obligation. Therefore, the final judgment is reversed and this matter is remanded with instructions to limit the amount of life insurance coverage required to the amount of the obligation it secures.[2]
The father’s third argument is that the trial court erred by limiting his access to his children to five days a month. We disagree. The father mischaracterizes the time sharing arrangement established in the final judgment. The father was given alternating weekends (Friday after-school until Monday morning) of each month. The father was also given a third Friday overnight until Saturday at 4 p.m. due to the mother’s work schedule. The father and mother were given shared/alternating holidays and school vacations, and the father was given a month during the children’s summer vacations. A trial court’s custody or time sharing determination is reviewed under the abuse of discretion standard of review. Smith v. Smith, 39 So.3d 458, 460 (Fla. 2d DCA 2010) (citing Burnett v. Burnett, 995 So.2d 519, 524 (Fla. 2d DCA 2008)). We find no abuse here.
Lastly, the parties agree that the final judgment contains a typographical error with regard to N.B.’s birth date. On remand the error must be corrected.
AFFIRMED in part, REVERSED in part, and REMANDED.
MONACO, C.J. and LAWSON, J., concur.

. Our court has stated that a trial court may exercise its authority under section 61.13(l)(c) only in certain situations:
The courts are statutorily authorized to order the obligor to maintain life insurance to protect alimony awards and child support obligations ... when "appropriate circumstances” exist to justify the award. “ ‘Appropriate circumstances’ may include the dire impact that the sudden death of the obligated parly would have on the receiving party.” In ordering this protection, the court should consider the "availability and *793 cost of such insurance and the financial impact it will have on the former husband.” The final judgment should include appropriate findings regarding the availability and cost of insurance, the ability of the obligor to pay, and the appropriate circumstances that justify the insurance requirement.
Rashid v. Rashid, 35 So.3d 992, 994 (Fla. 5th DCA 2010). However, the father does not argue that the trial court erred by ordering life insurance generally or by failing to include the appropriate factual findings as required by this court in Rashid. He limits his argument to the amount of the insurance.

. Since the father’s total child support obligation decreases over time, the amount of life insurance required should correspondingly decrease over time.