NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH O. VALDES,                              )
                                               )
      Appellant/Cross-Appellee,        )
                                               )
v.                                             )    Case No. 2D13-5509
                                               )
JULIE ANN PALMERMO VALDES,                     )
                                               )
      Appellee/Cross-Appellant.        )
                                               )
_____)

Opinion filed January 7, 2015.

Appeal from the Circuit Court for
Hillsborough County; Paul L. Huey, Judge.

Jose C. Gonzalez of Jose C. Gonzalez,
P.A., Tampa, for Appellant/Cross-Appellee.

Ingrid Anderson, Clearwater, for
Appellee/Cross-Appellant.


DAVIS, Chief Judge.

        Joseph Valdes, the Former Husband, challenges the final judgment of

dissolution of his marriage to Julie Ann Palmero Valdes, the Former Wife.  He also

challenges the order resolving the Former Wife's motion for rehearing and the Former

Husband's motion for reconsideration and the amended final judgment of dissolution.

The Former Wife cross-appeals from the same orders. For the reasons set forth in this opinion, we reverse those portions of the final judgment and amended final judgment related to the calculations of child support and retroactive child support based on a mathematical miscalculation identified by the Former Wife. Both the Former Husband's claim of mathematical error in the amended retroactive child support amount and the Former Wife's claim of further entitlement to a credit on the retroactive child support amount are rendered moot by this reversal. We affirm the final judgment in all other respects without further comment.

As recognized in the final judgment of dissolution, the calculations for the determination of child support were complicated by the fact that one child was spending equal amounts of time with both parents while the other was spending time only with the Former Husband. In the original final judgment, the trial court set forth a basis for its child support calculations, including its reliance on section 61.30(11)(b), Florida Statutes (2010). The trial court also included its mathematical calculations, the final portion of which appears to be an application of the formula included in section 61.30(11)(b). The court wrote:

> [B]ecause the younger child spends more than 20% of his nights with both parents, the substantial time sharing or Gross Up method also applies. To apply the Gross Up method, the original basic monthly obligation of $1,762 is multiplied by 1.5, which gives a new basic obligation of $2,643. Applying the same percentages based on their earnings, the Father is responsible for 54% of that amount, which is $1[,]427, and the Mother is responsible for 46% of that amount, which is $1,216. <u>The percentages based on the number of resident children of each parent then apply, which results in obligations of $304 for the Father and $1,070 for the Mother. The difference in these two numbers results in the Mother owing the Father $766 per month in child support (excluding health insurance)</u>.

(Emphasis added.)

Section 61.30(11)(b) provides in part as follows:

Whenever a particular parenting plan, a court-ordered time-sharing schedule, or a time-sharing arrangement exercised by agreement of the parties provides that each child spend a substantial amount of time with each parent, the court shall adjust any award of child support, as follows:

1. In accordance with subsections (9) and (10), calculate the amount of support obligation apportioned to each parent without including day care and health insurance costs in the calculation and multiply the amount by 1.5.

2. Calculate the percentage of overnight stays the child spends with each parent.

3. Multiply each parent's support obligation as calculated in subparagraph 1. by the percentage of the other parent's overnight stays with the child as calculated in subparagraph 2.

4. The difference between the amounts calculated in subparagraph 3. shall be the monetary transfer necessary between the parents for the care of the child, subject to an adjustment for day care and health insurance expenses.

The Former Wife does not disagree with the trial court's methods of calculation.[1] She merely argues that when the trial court applied its calculated percentages of responsibility for each parent based on their respective amounts of overnight time-sharing to both the retroactive and the current child support obligations pursuant to section 61.30(11)(b)(3), it inadvertently failed to cross-multiply each parent's

---

[1]Neither party challenges—nor do we further address—whether the time-sharing percentages used by the trial court in its section 61.30(11)(b) calculations are correct.

- 3 -

percentage with the other parent's obligation as required by the statute, instead multiplying each parent's percentage with that same parent's obligation.[2] We agree.

We offer no opinion on the correctness of the Former Wife's ultimate determination of the correct support obligation amount because other factors may also be considered in reaching the child support award under section 61.30(11)(b)(7). Nevertheless, use of the formula set forth in section 61.30(11)(b) does identify a mathematical error apparent in the amount of the child support obligation reached in the final judgment. We therefore reverse solely on the basis that applying the formula set forth in section 61.30(11)(b)(3) to the numbers provided in the final judgment yields a number that is different than the award amount reached in the final judgment. See Smith v. Smith, 39 So. 3d 458, 460 (Fla. 2d DCA 2010). This error applies to both the current and retroactive child support awards. Accordingly, we remand for the trial court to recalculate the child support and retroactive child support obligations using the correct multiplication procedures.

Based on this reversal, the parties' remaining claims related to the reduction in the amount of retroactive alimony owed in the amended final judgment and the entitlement to an additional setoff amount on top of the reduction in the retroactive

---

[2]Specifically, the Former Wife argues that in applying section 61.30(11)(b)(3), the correct calculations are represented by the following two equations:

$1427 (the Former Husband's obligation) x .25 (the Former Wife's time-sharing percentage for both children) = $356.75; and

$1216 (the Former Wife's obligation) x .75 (the Former Husband's time-sharing percentage) = $912.

The smaller result is then to be subtracted from the larger pursuant to section 61.30(11)(b)(4), resulting in the Former Wife's argument that she owes only $555.25 in child support. According to the partial calculations set forth in the final judgment, the trial court instead errantly multiplied $1427 by .75 and $1216 by .25. This resulted in the incorrect conclusion that the Former Wife owed $766 in child support per month.

award are moot. Because the recalculation in the child support amount on remand will necessarily require the trial court's recalculation of the amount owed in retroactive child support, we note that the trial court may again opt to exercise its statutory discretion in determining the retroactive amount. Sections 61.30(2) and (11)(a)(11) anticipate that a trial court can consider the matter of the Former Husband living rent-free during a certain period in determining sources of parental income or setting a child support amount—including to achieve an equitable result. Section 61.30(17), applying specifically to the award of retroactive alimony, defines such a determination as discretionary and indicates that the trial court should consider the factors listed in section 61.30(2) as part of the determination.

Affirmed in part, reversed in part, and remanded.


LaROSE and MORRIS, JJ., Concur.