IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JANET LEE SERBOUSEK f/k/a JANET LEE LUCAS,

      Appellant,

v.                                                                   Case No.  5D14-3444

OWEN DOUGLAS LUCAS,

      Appellee.

_____/

Opinion filed May 20, 2016

Appeal from the Circuit Court
for Volusia County,
David B. Beck, Senior Judge.

Corrine A. Bylund, of Bylund Law,
PLLC, Jacksonville, for Appellant.

Armistead W. Ellis, Jr., of Armistead W.
Ellis, Jr., P.A., Daytona Beach, for
Appellee.

COHEN, J.

Janet Lucas, n/k/a Janet Serbousek, ("Former Wife") appeals the final judgment

dissolving her marriage of over thirty-eight years to Owen Lucas ("Former Husband").

Former Wife raises four issues on appeal: error in the equitable distribution, error in the

amount of permanent periodic alimony awarded, failure to award her retroactive

alimony, and failure to award her attorney's fees. We affirm in part and reverse in part.

The parties were married in 1975 and had two children, both of whom are now

adults. During the marriage, Former Wife was the primary caretaker for the children

while Former Husband worked as a general contractor. Former Wife also assisted in the business by keeping the company's books and cleaning at construction projects. The couple's business revenue ebbed and flowed, with much of the company's workload attributable to Former Wife's family. The parties agreed that they ran significant personal expenses through the business accounts. Former Husband continued this practice after the separation.

The main asset subject to equitable distribution was the marital home. The parties also owned two other lots that they financed by borrowing against the marital residence. Thus, although the home was valued at only $315,000, it secured over $330,000 of debt at the time of the dissolution.[1] This debt burden was exacerbated by Former Husband's neglect in failing to respond to the call-in of a line of credit secured by the home, which prevented favorable refinancing. As a result of this neglect, the payments on that line of credit increased from less than $250 per month to over $2,500 per month.

The three-day trial was held over the course of three months. Each side presented an accounting expert. While the experts differed in methodology, they ultimately reached relatively consistent opinions that there was approximately $80,000 per year of business income. To say that the trial judge found neither party credible as a witness would be an understatement. Former Husband was vague in answering some questions and claimed not to remember the answers to many others. Based upon hand-written notes and excerpts from the company's accounting records, Former Wife estimated more than $540,000 in business revenue was kept "off the books" over the

---

[1] The appraisals on the two other lots showed values of $90,000 and $70,000, respectively. There is no record evidence of any debt on these lots.

three years leading up to trial.[2] Following trial, the court awarded Former Wife $2,000 per month in permanent periodic alimony.

A determination by the trial court of the appropriate amount of alimony is afforded a great deal of discretion. See Engesser v. Engesser, 42 So. 3d 249, 250 (Fla. 5th DCA 2010) (citing Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980)). In determining eligibility and liability for alimony, the trial court "shall first make a specific factual determination as to whether either party has an actual need for alimony or maintenance and whether either party has the ability to pay alimony or maintenance." § 61.08(2), Fla. Stat. (2014). Section 61.08, Florida Statutes, sets out additional criteria that the court should consider if it determines a party needs alimony. § 61.08(2)(a)-(j), Fla. Stat. (2015). The final judgment included extensive findings on these factors. Because it found the testimony of neither party credible as to the amount of Former Wife's need for alimony or Former Husband's ability to pay, the trial court relied on the experts' testimony regarding the amount of business revenue at the time of trial to determine the need for, and ability to pay, alimony. We find no abuse of discretion in that determination.

We do find error, though, in the trial court's failure to directly address Former Wife's claim for retroactive alimony. Although Former Wife's brief acknowledges that Former Husband paid some temporary support during the pendency of the dissolution, the trial court set out no findings on this matter. We remand for further consideration of this issue. See Motie v. Motie, 132 So. 3d 1210, 1214 (Fla. 5th DCA 2014).

_____

[2] Notably, in reaching their conclusions, both parties' accounting experts had reviewed the totality of the records from which Former Wife drew her excerpts. There was no further documentary support and no forensic testimony to support Former Wife's allegations.

On remand, the trial court should also address two other issues related to the equitable distribution. First, Former Husband concedes that the trial court incorrectly valued Former Wife's IRA account; the distribution should reflect the actual value of the account.[3] Second, the trial court distributed the former couple's credit-card debts as marital debt without a finding on the value thereof.[4] The final judgment implies that the credit card debts were distributed equally,[5] but without a valuation of this debt, we cannot determine whether the trial court effectuated its stated intent to distribute the marital assets equally. On remand, the trial court should correct and clarify its factual findings on these issues and adjust the equitable distribution accordingly.

Former Wife further argues that the trial court erred in denying her claim for attorney's fees. This is also an area in which trial courts have broad discretion. The purpose of an award of attorney's fees in a dissolution case is to "ensure[] that both parties are able to retain competent legal counsel." Kouzine v. Kouzine, 44 So. 3d 213, 215 (Fla. 5th DCA 2010). The trial court must determine "whether one spouse has a need for such fees and the other has the ability to pay them." Id. at 215-16 (citing Lovell v. Lovell, 14 So. 3d 1111, 1116-17 (Fla. 5th DCA 2009)). Beyond need and ability to pay, the court may also consider other factors including "the scope and history of the

---

[3] The trial court valued the IRA at $14,000 rather than the actual value of $10,000.

[4] The parties contributed to this omission by failing to present evidence on the account balances at the time of trial. They cannot expect the trial court to conjure these amounts.

[5] The trial court's order states: "[T]he Court finds that an equal division for the majority of the marital assets and liabilities is warranted unless stated otherwise for a specific asset or debt." No unequal distribution of the credit card debt is mentioned, and the court found the bills had been fully paid on an ongoing basis from marital assets.

litigation; the duration of the litigation; the merits of the respective positions; [and] whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall)." Dybalski v. Dybalski, 108 So. 3d 736, 738 (Fla. 5th DCA 2013) (quoting Rosen v. Rosen, 696 So. 2d 697, 700 (Fla. 1997)).

Former Wife argues she is entitled to attorney's fees because Former Husband held all the earning power while her income was limited to $200, and the debt burden for the marital property left her unable to afford her attorney's fees. The trial court's order discussed the "merits of the respective positions," Former Wife's request for more in alimony than Former Husband earned, and the trial court's view that Former Wife's "incredulity and audacity" were "staggering." The order further explained that the application of the factors outlined in Rosen suggested that Former Wife should pay Former Husband's fees. See McAliley v. McAliley, 704 So. 2d 611, 613 (Fla. 4th DCA 1997) ("Attorney's fees may be awarded as a punitive measure where a spouse in a domestic relations case institutes frivolous non-meritorious claims that contribute to unnecessary legal expenses, costs and a delay of the proceedings." (citing Crowley v. Crowley, 678 So. 2d 435, 439 (Fla. 4th DCA 1996))).

The trial court found, however, that Former Wife did not have the ability to pay. Because the trial court divided the marital assets roughly equally between the parties and awarded Former Wife alimony to equalize their financial positions, we find no abuse of discretion in denying Former Wife's request for attorney's fees. See Matajek v. Skowronska, 927 So. 2d 981, 988 (Fla. 5th DCA 2006) (holding that "an award of attorney's fees is inappropriate if the parties are left in relatively equal financial

5

circumstances after the dissolution" (citing <u>Brock v. Brock</u>, 690 So. 2d 737, 742 (Fla. 5th DCA 1997))).

The trial court's frustration was both apparent and understandable; neither party was particularly veracious. The trial court was especially vexed by Former Wife's testimony that the couple's tax returns showed minimal income because they ran a great deal of personal expenses through the business and had significant unreported income, but Former Husband was not without fault. Both parties admitted to using the business to pay personal expenses—taking liberties with their tax returns. Former Husband's testimony was evasive, and the trial court found that he was "not completely candid." Former Husband's neglect also resulted in a significant increase in the mortgage payment. Yet the trial court's final judgment referenced only Former Wife's "admitted criminality," presumably for either lying on her tax returns about the unreported income or lying in court about the existence of unreported income. If the trial court felt the need to oppugn the character of the litigants, both were worthy of the effort.

The final judgment reflects the trial court's frustration with the parties. The court was forced to either accept Former Wife's testimony as to such income or reject it and base its ruling on the testimony from the experts, neither of whom found evidence to support the amounts asserted by Former Wife. The court chose the latter. Ultimately, the broad discretion afforded the trial court in these matters compels us to affirm the award of $2,000 in permanent periodic alimony and the denial of attorney's fees. We remand for further consideration of Former Wife's claim for retroactive alimony and for correction of the equitable distribution.

AFFIRMED IN PART; REVERSED IN PART; and REMANDED.

PALMER and WALLIS, JJ., concur.