IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DAVID D. HOLLOWAY,

      Appellant,

 v.                                 Case No.  5D17-1709

JOHNA HOLLOWAY,

      Appellee.

_____/

Opinion filed July 13, 2018

Appeal from the Circuit Court
for Osceola County,
Diana M. Tennis, Judge.

Susan W. Savard and Jennifer R. Lawson,
of Green Family Law, .P.A, Orlando, for
Appellant.

Julie F. Weinberger and Morgan A.
Weinberger, Kissimmee, for Appellee.


WALLIS, J.

Former husband, David Holloway, appeals from a final order granting his supplemental petition for modification of alimony and awarding former wife, Johna Holloway, a portion of her attorney's fees.  Former husband raises numerous arguments attacking the trial court's decision to modify his monthly alimony obligation and to require him to pay former wife alimony arrears.  Finding no error in the trial court's decision to

modify alimony and to award alimony arrears, we affirm as to those points. We reverse, however, the court's order awarding former wife attorney's fees because that decision is not supported by the record.

"An award of attorney's fees in a dissolution proceeding depends upon the relative financial circumstances of the parties." Kouzine v. Kouzine, 44 So. 3d 213, 215 (Fla. 5th DCA 2010). When considering the relative financial circumstances of the parties, the court must determine whether one party has a need for such fees and whether the other party has the ability to pay them. Id. It is error for the trial court to require one party to pay attorney's fees where both parties are in equal financial positions. Id. at 216.

Here, the evidence established that both parties are in a similar financial position, and they are equally able to pay their own attorney's fees. Therefore, it was error for the court to order former husband to pay a portion of former wife's attorney's fees. See id. (finding court abused its discretion in requiring husband to pay one-half of wife's attorney's fees where parties were in equal financial positions); Price v. Price, 951 So. 2d 55, 59 (Fla. 5th DCA 2007) (requiring husband to pay wife's attorney's fees error where husband was in no better financial position than wife to pay her fees). Accordingly, we reverse the trial court's award of attorney's fees to former wife.

AFFIRMED in Part; REVERSED in Part.

SAWAYA and EISNAUGLE, JJ., concur.