# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-2510
LT Case No. 2019-DR-000686

———————————————

RAJIV RAMAKRISHNAN,

 Appellant,

 v.

ERIKA RAMAKRISHNAN,

 Appellee.

———————————————

On appeal from the Circuit Court for Lake County.
Jason J. Nimeth, Judge.

Gary S. Israel, Orlando, for Appellant.

Joseph C. Flynn, Orlando, for Appellee.

April 25, 2025

PER CURIAM.

 The trial court ordered Appellant ("Husband") to pay Appellee ("Wife") $20,000 in attorney's fees and costs. We reverse.

 A court may award attorney's fees in a divorce case based on the parties' financial resources. *See* § 61.16(1), Fla. Stat. (2024). "The proper inquiry is whether one spouse has a need for such fees and the other has the ability to pay them." *Kouzine v. Kouzine*, 44 So. 3d 213, 215 (Fla. 5th DCA 2010). "The party seeking fees has the burden of proving the reasonableness and the necessity of the

fee sought." *Addie v. Coale*, 120 So. 3d 44, 48 (Fla. 4th DCA 2013). "It is an abuse of discretion to require one party to pay the other party's attorney's fees where each party has substantially equal ability to pay such fees." *Vitalis v. Vitalis*, 799 So. 2d 1127, 1133 (Fla. 5th DCA 2001).

Here, the court's findings of fact do not support the fee award. The court found that in the divorce, Wife received $144,800 in non-marital property while Husband received $46,000 in such property. Wife and Husband received equal shares of the marital assets. And—accounting for Husband's alimony payments—Husband's monthly income is $3,767.68 and Wife's is $3,408.91. These findings, which show "substantially equal ability" to pay, are incompatible with awarding fees to Wife. *See Haslauer v. Haslauer*, 381 So. 3d 662, 667 (Fla. 1st DCA 2024) (vacating an award since the parties' "balanced economic positions" gave them "a similar ability to pay their own legal fees"); *Bauchman v. Bauchman*, 253 So. 3d 1143, 1149 (Fla. 4th DCA 2018) (reversing where the parties "had substantially the same ability to pay" after their finances were equalized through alimony and equitable distribution); *Holloway v. Holloway*, 246 So. 3d 1307, 1308 (Fla. 5th DCA 2018) (reversing where the parties were "in a similar financial position"); *Foster v. Foster*, 83 So. 3d 747, 749 (Fla. 5th DCA 2011) (reversing because "the trial court put the parties into basically equal financial positions"); *Lovell v. Lovell*, 14 So. 3d 1111, 1117 (Fla. 5th DCA 2009) (reversing since "both parties had a similar ability to secure competent legal counsel").

On this record, Husband and Wife must pay their own fees. *See Bauchman*, 253 So. 3d at 1149.

REVERSED.

JAY, EISNAUGLE, and HARRIS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____