SCHEB, Judge.
Holiday Gulf Builders, Inc., appeals the trial court’s order denying its motion to set aside default and the final judgment entered in favor of Tahitian Gardens Condominium, Inc. We affirm the order refusing to set aside the default but reverse the final judgment awarding damages and attorney’s fees to Tahitian Gardens.
Tahitian Gardens filed suit alleging that assessments were due from Holiday, a successor developer, for thirty-six unbuilt units in a Pasco County condominium complex. The trial court entered a default against Holiday after it failed to answer the complaint within the requisite time period.
Subsequently, without notice to the defendant, the trial court entered final judgment against Holiday. Over two weeks later, Holiday filed a motion to set aside default and final judgment pursuant to Florida Rule of Civil Procedure 1.500(d). After receiving Holiday’s affidavits and hearing arguments by counsel, the trial court found that Holiday failed to show excusable neglect and also failed to establish a meritorious defense. The court denied Holiday’s motion, and this appeal ensued.
We have examined the record and Holiday’s argument alleging error in the trial court’s denial of its motion to set aside default. We find no gross abuse of discretion on the part of the trial court. Therefore, we are not authorized to reverse on this point. Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla.1977).
However, we do find merit in Holiday’s contention that the trial court erred in entering a final judgment awarding damages and attorney’s fees to Tahitian Gardens without submitting the issue of damages to a jury. Tahitian Gardens requested a jury trial in two of the three counts of the complaint. These two counts included the relief awarded in the final judgment.
In Ansel v. Kizer, 428 So.2d 671 (Fla. 2d DCA 1982), this court stated:
*145 It is well settled that where a plaintiff has made a demand for jury trial, the defendant is entitled to a jury trial on the issue of damages even though a default has been previously entered against the defendant for failure to answer or otherwise plead.
428 So.2d at 672. See also Fla.R.Civ.P. 1.430. Here, Holiday never consented to any withdrawal of the demand for a jury trial. Tahitian Gardens, nevertheless, contends that any error in withdrawing the demand for a jury trial is harmless, because the damages in this case are liquidated. We disagree. The complaint incorporated the declaration of condominium, which formed the basis of the agreement between the parties. The declaration established the percentage of the total assessments that each unit would be required to pay. These percentages varied according to the individual units. The declaration also established a procedure for determining and collecting the assessments. Consequently, the assessments would vary depending upon the expenditures required to maintain the common elements as well as any additional special assessments. The amount of damages that Holiday owed Tahitian Gardens for assessments on the thirty-six unbuilt units would depend upon variables not set forth in the pleaded agreement. See Robinson v. Peterson, 375 So.2d 294 (Fla. 2d DCA 1979). Holiday is therefore entitled to a jury trial on the issue of damages.
Likewise, Holiday is entitled to a jury trial on the issue of attorney’s fees. In addition to establishing a procedure for assessments, the declaration of condominium provided for the payment of reasonable attorney’s fees when Tahitian Gardens incurs legal expenses in the collection of delinquent assessments. In Newcombe v. South Florida Business Negotiators, 340 So.2d 1192 (Fla. 2d DCA 1976), we stated that “[i]n a jury trial a claim for attorney’s fees predicated upon a provision in the contract between the parties becomes an element of damages and must be determined by the jury.” 340 So.2d at 1194. Tahitian Gardens’ request for “reasonable” attorney’s fees is a request for unliquidat-ed damages, and consequently Holiday is entitled to a jury trial on that issue as well. Bowman v. Kingsland Development, Inc., 432 So.2d 660 (Fla. 5th DCA 1983).
Accordingly, we affirm the order denying Holiday’s motion to set aside default, but we vacate the final judgment and remand for a jury trial on the issue of damages including attorney’s fees.
BOARDMAN, A.C.J., and LEHAN, J., concur.