PER CURIAM.
John Kelly Amick (the Husband) appeals a final judgment of dissolution of marriage entered after he was appropriately defaulted and failed to appear at a properly noticed final hearing. Despite the Husband’s assertions on appeal, there is no indication in the record that the Husband was incompetent at the time of these proceedings. We reject the Husband’s argument that the trial court failed to make sufficient findings of fact to support the unequal distribution of marital assets, and we see no abuse of discretion in the unequal distribution. We reverse, however, that portion of the final judgment that awarded Cynthia Lea Amick (the Wife) the 1984 Redmon mobile home. In her petition for dissolution of marriage, the Wife alleged that this asset was in the Husband’s possession and specifically requested that the court award it to the Husband. As such, the Husband was entitled to notice and an opportunity to be heard before this asset could be awarded to the Wife in a final hearing. Kitchens v. Kitchens, 162 So.2d 639 (Fla. 3d DCA 1964).
Affirmed in part, reversed in part, and remanded.
ALTENBERND, C.J., and CANADY and WALLACE, JJ., Concur.