WHATLEY, Judge.
Christopher Allen Rogers, the husband, appeals a final judgment of dissolution of marriage. We must reverse because the final judgment granted relief which was not sought by the wife, Victoria B. Rogers, in her petition for dissolution of marriage.
The wife filed a petition for dissolution of marriage and the husband failed to file a responsive pleading. Thereafter, a default was entered against the husband. In the petition for dissolution of marriage, the wife asked that the equity in the marital home be distributed as follows:
The Wife is requesting that the Husband be granted exclusive use and possession of the marital residence until January 1, 2004. The Wife is requesting that the Husband pay directly to her the sum of $15,000 as her share of the equity in the marital residence or in the alternative that the Husband vacate the *1051 marital residence on January 1, 2004 and the residence be placed on the market by the Wife with each party equally dividing the proceeds from the sale of the home.
Thereafter, the final judgment awarded the entire equity in the marital residence to the wife.
In Longo v. Longo, 576 So.2d 402, 403 (Fla. 2d DCA 1991), this court held, “A party against whom a default is entered can only be said to have admitted the well-pleaded facts, and to have acquiesced in the relief specifically prayed for.” See Ruble v. Ruble, 884 So.2d 150, 152 (Fla. 2d DCA 2004) (holding that trial court erred in refusing to. set aside final judgment awarding permanent custody where husband did not request permanent custody in his petition), review denied, 895 So.2d 406 (Fla.2005); Perez v. Perez, 519 So.2d 1104 (Fla. 3d DCA 1988) (concluding that the award of husband’s interest in the marital residence to the wife was not supported by any such request in the petition). Here, the trial court improperly awarded the equity in the marital residence to the wife, where she did not request such in her petition.
Accordingly, we reverse this case and remand it for the trial court to reconsider the distribution of marital assets requested by the wife in her petition for dissolution of marriage.[1] In considering such matters, the trial court may take further testimony.
ALTENBERND and SALCINES, JJ., Concur.

. The default has not been set aside.