VILLANTI, Judge.
 

 Web Offset Printing Co., Inc. (Web Offset) obtained a judgment by default in Pinellas County against Makes & Models Magazine, Inc. (Makes & Models). Makes & Models moved to vacate the clerk’s default, the circuit court denied the motion, and Makes & Models now appeals the denial of its motion. We reverse because Web Offset knew that Makes & Models intended to defend the lawsuit and failed to contact Makes & Models’ known counsel prior to seeking a default.
 

 FACTS
 

 On June 1, 2006, Makes & Models sued Web Offset in Hillsborough County seeking damages and rescission of the parties’ agreement. In essence, the Hillsborough lawsuit alleged that Makes & Models had hired Web Offset to print Makes & Models’ magazine and that Makes
 
 &
 
 Models
 
 *180
 
 was dissatisfied with the quality of Web Offset’s March 2006
 
 [1]
 
 print job. Web Offset was properly served and, through counsel, filed pleadings and actively participated in the Hillsborough lawsuit. The Hillsborough lawsuit is currently pending.
 
 [2]
 

 On August 7, 2006, Web Offset filed a separate action against Makes & Models in Pinellas County seeking payment for monies allegedly owed. The Pinellas lawsuit arose out of the same events as the Hills-borough lawsuit and alleged that Makes
 
 &
 
 Models had not paid Web Offset for the March 2006 magazine print job and for another print job called “Festival of Speed.” Web Offset then served Makes & Models’ registered agent, CT Corporation. Makes & Models did not answer the complaint, allegedly because it did not receive it from CT Corporation.
 

 On September 1, 2006, Web Offset filed a motion for entry of a clerk’s default. The motion’s certificate of service alleged that a copy of the motion had been mailed directly to Makes & Models at 508 West Fletcher Avenue, Tampa. It is undisputed that this address was incorrect. Makes & Models has asserted that its correct address at all relevant times was 16102 N. Florida Avenue, Lutz. Web Offset’s appellate brief conceded that the Lutz address had been Makes & Models’ correct address since January 2006, seven months before the filing of the Pinellas lawsuit. Notably, while Web Offset mailed a copy of the motion for default to the Fletcher Avenue address, it mailed all other filings to Makes & Models at 16102 N. Florida Avenue, Lutz. Based on these undisputed facts, it appears that Web Offset’s motion for default was not properly mailed to Makes & Models and that Makes & Models did not receive the motion.
 

 On September 5, 2006, the clerk entered a default against Makes & Models. On September 20, 2006, Web Offset filed a motion for entry of final judgment, which it served directly on Makes & Models’ president at the correct address, 16102 N. Florida Avenue, Lutz. On September 28, 2006, Makes & Models filed a motion to vacate default and motion for dismissal of the Pinellas action. The motion alleged that Makes & Models did not know about the Pinellas lawsuit until it received a copy of the motion for entry of final judgment. Makes & Models’ motion also indicated that an action between the same parties involving the same issues had been pending in Hillsborough County since July 2006.
 

 On December 21, 2007, the circuit court held a hearing on Web Offset’s motion for entry of final judgment and on Makes & Models’ motion to vacate the default and for dismissal of the action. The circuit court declined to set aside the default, noting that Makes & Models’ motion was not verified or sworn and that Makes & Models had not filed any affidavits in support of its motion. The court concluded that Makes & Models had not established excusable neglect necessary to set aside the default. The court granted Web Offset’s motion for final judgment. Makes & Models filed a motion for rehearing or, in the alternative, motion for relief from final judgment and for relief from the order denying its motion to vacate the default. The circuit court denied that motion, and Makes & Models filed the instant appeal.
 

 
 *181
 
 ANALYSIS
 

 An order denying a motion to vacate a clerk’s default is reviewed under an abuse of discretion standard.
 
 U.S. Bank Nat’l Ass’n v. Lloyd,
 
 981 So.2d 633, 639 (Fla. 2d DCA 2008). Nevertheless, Florida Rule of Civil Procedure 1.500, which allows entry of a clerk’s default when a party fails to file or serve any paper in an action, should be liberally construed in favor of deciding cases on the merits.
 
 Lloyd,
 
 981 So.2d at 639-40;
 
 Nat’l Union Fire Ins. Co. of Pittsburgh, P.A. v. McWilliams,
 
 799 So.2d 378, 380 (Fla. 4th DCA 2001). Furthermore, a default is not designed to give a strategic advantage to the plaintiff so that it may obtain a judgment without dealing with the defendant’s challenges and defenses.
 
 Ole, Inc. v. Yarn,
 
 566 So.2d 812, 814-15 (Fla. 3d DCA 1990).
 

 In
 
 Lloyd
 
 this court held that “[a] trial court should vacate an ex parte default when ‘the plaintiff seeking default had actual knowledge that the defendant was represented by counsel and intended to defend the lawsuit, but failed to contact the defendant’s counsel prior to seeking default.’ ”
 
 Lloyd,
 
 981 So.2d at 640 (quoting
 
 Nat’l Union Fire Ins. Co.,
 
 799 So.2d at 380). If the plaintiff is aware that the defendant is represented by counsel and intends to defend the litigation on the merits, it is required to serve the defendant with notice of the application for default and to present the matter to the court for entry of the default.
 
 Id.
 
 While we recognize that the circuit court did not have the benefit of the
 
 Lloyd
 
 opinion when it entered its order, the principles at issue predate
 
 Lloyd. See, e.g., Ole, Inc.,
 
 566 So.2d at 814;
 
 Gulf Maint. & Supply, Inc. v. Barnett Bank of Tallahassee,
 
 543 So.2d 813, 816 (Fla. 1st DCA 1989) (“A default is a procedural matter within the control of the attorney, so plaintiffs counsel should contact the attorney known to be representing a defendant to determine whether the latter intends to proceed in the matter before causing a default to be entered.”). A default that does not comply with this requirement “must be vacated without regard to whether the defendant can establish a meritorious defense or whether the defendant can demonstrate inadvertence or excusable neglect.”
 
 Lloyd,
 
 981 So.2d at 640.
 

 In this case, Web Offset obtained a clerk’s default without prior notice to Makes & Models. As explained in
 
 Lloyd
 
 and
 
 National Union,
 
 and sufficiently argued below, based on this fact the trial court was required to consider a two-part inquiry: (1) whether Web Offset had actual knowledge that Makes
 
 &
 
 Models intended to defend the Pinellas lawsuit and (2) whether Web Offset had actual knowledge that Makes & Models was represented by counsel.
 
 See id.
 
 at 639. Makes & Models was already pursuing the Hillsborough lawsuit against Web Offset when the Pinel-las lawsuit was filed. Given that the Hills-borough and Pinellas lawsuits involved the same dispute, Web Offset had actual knowledge of Makes & Models’ intent to defend the Pinellas lawsuit. Therefore, the first part of the two-prong inquiry set forth in
 
 Lloyd
 
 and
 
 National Union
 
 was answered in the affirmative. The second part of the two-prong inquiry was also answered in the affirmative because it is undisputed that Web Offset knew that Makes & Models was represented by counsel in the Hillsborough lawsuit, which involved the same issues. In fact, both parties were actively participating in the Hillsborough lawsuit. Web Offset has not even suggested that it did not have knowledge of Makes & Models’ intent to defend the Pinellas lawsuit or that it did not have knowledge that Makes & Models was represented by counsel. Based on these
 
 *182
 
 facts, Web Offset was required to notify Makes & Models before moving for entry of a default. Hence, here, the circuit court should have vacated the default without regard to whether Makes & Models had established a meritorious defense or whether it had demonstrated excusable neglect.
 
 See Lloyd,
 
 981 So.2d at 640. The invalid entry of the clerk’s default renders the final judgment void.
 
 Gulf Maint. & Supply, Inc.,
 
 543 So.2d at 817.
 

 CONCLUSION
 

 We cannot conclude without making one final observation. Web Offset’s argument pressed for a strict and literal interpretation of the default rules without any regard for civility or for the professionalism expected when one party is aware that the opposing party is represented by counsel and intends to defend against the claims at issue.
 
 [3]
 
 Although these are not difficult concepts to grasp, post
 
 -Lloyd,
 
 a party’s responsibilities when faced with similar circumstances should be clear.
 

 For the reasons stated
 
 above,
 
 the circuit court abused its discretion when it denied Makes & Models’ motion to vacate the default and entered a final judgment in favor of Web Offset. Accordingly, we reverse and remand with directions to vacate the clerk’s default and the final judgment.
 

 SILBERMAN and LaROSE, JJ., Concur.
 

 [1]
 

 . While the Hillsborough complaint referenced a March 2005 print job, the parties do not dispute that the controversy arose from the March 2006 print job.
 

 [2]
 

 . We note that Web Offset filed a motion in the Hillsborough lawsuit seeking an extension of time to file a counterclaim. The motion asserted that the latter-filed Pinellas lawsuit “may constitute a Counterclaim" in the Hills-borough lawsuit.
 

 [3]
 

 . Web Offset s appellate counsel was not its counsel in the trial court.