PER CURIAM.
JP Morgan Chase Bank, N.A. (hereafter Chase) appeals the Order Denying Chase Home Finance, LLC’s Motion to Vacate Default Final Judgment entered in a foreclosure suit filed by Wells Fargo Bank, N.A. (hereinafter Wells Fargo).[1] Chase argues that the trial court abused its discretion in denying Chase’s motion to vacate because Wells Fargo knew, based on an amended complaint filed by Chase in a parallel foreclosure action involving the same property that named Wells Fargo as a defendant and alleged that Chase’s mortgage had priority over all other mortgages, that Chase intended to defend the Wells Fargo action.[2] Chase further argues that *283 the attorney for Wells Fargo knew of Chase’s intent to defend before he sought and obtained the ex-parte default against Chase.
We agree with Chase that, based on the allegations in Chase’s amended complaint, Wells Fargo knew of Chase’s intent to defend the suit filed by Wells Fargo and that the subsequently entered default judgment, which was entered without notice to Chase, is void. See Makes & Models Magazine, Inc. v. Web Offset Printing Co., Inc., 13 So.3d 178 (Fla. 2d DCA 2009); U.S. Bank Nat’l Ass’n v. Lloyd, 981 So.2d 633 (Fla. 2d DCA 2008). Accordingly, we reverse the order under review and remand for further proceedings.
REVERSED and REMANDED.
SAWAYA, LAWSON and BERGER, JJ., concur.

. Chase is the successor, by merger, to Chase Home Finance, LLC.

. This court has jurisdiction over this non-final appeal pursuant to Florida Rule of Ap *283 pellate Procedure 9.130(a)(5) ("Orders entered on an authorized and timely motion for relief from judgment are reviewable by the method prescribed by this rule.”).