CASANUEVA, Judge.
Luca Baricchi appeals the final judgment dissolving his marriage to Loraine Barry. We find merit in his first contention that the trial court erred in proceeding on Ms. Barry’s amended petition and reverse.[1]
BACKGROUND
Ms. Barry instituted this dissolution proceeding in late 2011, alleging that Mr. Baricchi had left the marital home earlier in the year and that his present whereabouts, although unknown, were believed *1197 to be in California. Subsequent events suggested that he was located in Italy and that Ms. Barry was aware of his location.
The initial petition, in ten numbered paragraphs, sought exclusive use and possession of the marital condominium in Tampa and exclusive use and possession of other Tampa real property. Further, the initial petition listed a house in Italy owned jointly and two apartments in Italy in Mr. Baricchi’s name that had been recently sold. The initial petition requested that the proceeds of the sale of the two apartments be divided between the parties, but there was no prayer for relief regarding the jointly-owned house in Italy. Otherwise, this petition sought generally equitable distribution of marital assets and debts without mentioning other items of personal property, whether tangible or intangible, or the couple’s business, a dance studio owned with a third party.
Following publication in a penny saver’s-type weekly and the execution of an affidavit of diligent search, Ms. Barry obtained a clerk’s default against Mr. Bariechi. Notice of the default final hearing was mailed by Ms. Barry or her counsel to Mr. Baric-chi in care of his counsel in Italy.
Following the entry of the default, Ms. Barry filed an amended petition for dissolution of marriage that differed materially from her initial pleading. The amended petition now alleged fourteen numbered paragraphs and a prayer for relief that specifically sought for the first time the distribution of a promissory note and title to the two Tampa properties rather than just exclusive use and possession of them. The amended petition also sought an interest in another property in Italy that Mr. Bariechi had allegedly bought with marital funds and, as her sole property, the parties’ six motorcycles and their Mercedes automobile.[2]
ANALYSIS
Mr. Bariechi asserts that he was denied due process by the trial court’s procedure permitting Ms. Barry to proceed to final judgment on an amended petition for dissolution • of marriage that had not been served upon him. We agree.
The record shows, as set forth above, that the amended petition asserted new claims and requested relief that was not specifically identified in the initial pleading. This is critical because a default only admits the well-pleaded facts and acquiesces only to relief specifically prayed for. In Ruble v. Ruble, 884 So.2d 150, 152 (Fla. 2d DCA 2004), this court held that it was error for the trial court to grant to the father in the final judgment permanent custody of the parties’ minor son where his petition had never requested that relief, despite the fact that the father had moved to have custody determined by mediation and had also moved for temporary custody during the proceedings; but the father had never amended his petition to request permanent custody. See also Freeman v. Freeman, 447 So.2d 968, 965 (Fla. 1st DCA 1984) (holding that the issue of child custody could not be tried by express or implied consent where the party seeking custody had introduced a new cause of action without notice to and service upon the opposing party). “[A] default is not designed to give a strategic advantage to the plaintiff so that it may obtain a judgment without dealing with the defendant’s *1198 challenges and defenses.” Makes & Models Magazine, Inc. v. Web Offset Printing Co., 13 So.3d 178, 181 (Fla. 2d DCA 2009) (citing Ole, Inc. v. Yariv, 566 So.2d 812, 814-15 (Fla. 3d DCA 1990)). Operationally, without service of the amended petition, that is what transpired in this instance. Ms. Barry was afforded a strategic advantage to which she was not entitled.
This court has addressed, in Rogers v. Rogers, 905 So.2d 1050 (Fla. 2d DCA 2005), a property award without a prior, triggering pleading allegation or prayer for relief requesting it. There the wife’s petition requested that the husband be granted exclusive use and possession of the marital residence until a certain date and that he pay her directly a certain sum as her share of the equity in the residence. Alternatively, she requested that he vacate the marital residence on that same date, that the residence be placed on the market, and that the parties equally divide the proceeds upon its sale. The husband defaulted, and the final judgment of dissolution awarded the wife the entire equity in the marital residence.
Writing for this court in Rogers, Judge Whatley observed that where a default is entered against a party, its reach is limited to “ ‘admitting] the well-pleaded facts’ ” and “ ‘acquiescing] in the relief specifically prayed for.’ ” Id. at 1051 (quoting Longo v. Longo, 576 So.2d 402, 403 (Fla. 2d DCA 1991)). Thus, it was improper to award relief not requested in the petition. See also Amick v. Amick, 854 So.2d 811, 811 (Fla. 2d DCA 2003) (holding it was error in a default final judgment of dissolution to award to the wife a mobile home, that the wife’s petition for dissolution had asserted was in the husband’s possession and which petition had specifically requested that the mobile home be awarded to the husband).
We find additional guidance and support for our conclusion in this court’s opinion in Miceli v. Miceli, 489 So;2d 1235 (Fla. 2d DCA 1986). There the husband had instituted dissolution proceedings and caused them to be served upon his spouse in Illinois. His petition sought dissolution of marriage only. Because his wife failed to answer the petition, a default was entered against her. Thereafter, the husband sought leave to file an amended petition to assert adjudication of property, support, and alimony rights. Leave to amend was granted but before the wife’s time to answer the amended petition had expired, the husband had not only obtained a default but also had presented evidence to the court and obtained a final judgment affording the relief requested in the amended petition. Id. at 1236. In reversing, this court held that the amended petition required renewed service of process because it asserted new and additional claims. Without service, the trial court was without jurisdiction to enter a valid final judgment. Id.
The decisional law is consistent with the requirements of Florida’s procedural rules. Florida Family Law Rule of Procedure 12.080(c)(1) states that service of process is not required on a party against whom a default has been entered except where the subsequent pleading asserts “new or additional claims.” Ms. Barry’s amended petition did assert new or additional claims.
CONCLUSION
Because the circumstances of this case require that Ms. Barry’s amended petition be served on Mr. Baricchi, and it was not, the trial court erred in entering final judgment. The amended petition is now the operative pleading, and it must be served before further proceedings can occur. We do not disturb the trial court’s order dissolving the marriage of the parties. Neither party challenged that determination in the appeal.
*1199 Final judgment reversed and cause remanded.
ALTENBERND and BLACK, JJ., Concur.

. This disposition moots Mr. Baricchi’s second contention that the trial court erred in distributing the equity of property located in Italy.

. We find it interesting to note, although not dispositive of the issue presently before us, that following default Ms. Barry was able to identify specific marital properties in Italy and where Mr. Bariechi might be located in Italy rather than, as she previously alleged as his likely location, in California. Like Columbus, Ms. Barry sought in the West riches held in an eastern land.