NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WINDING WOOD CONDOMINIUM VI )
ASSOCIATION, INC., a Florida non-profit )
corporation, )
                                 )
              Appellant, )
                                 )
v. )       Case No. 2D15-2959
                                 )
LINDA WALLS, )
                                 )
              Appellee. )
_____ )

Opinion filed July 8, 2016.

Appeal from the Circuit Court for Pinellas
County; Bruce Boyer, Judge.

Keith D. Skorewicz and H. Web Melton,
III, of Bush Ross, P.A., Tampa, for
Appellant.

Lynn E. Hanshaw of Langford & Myers,
P.A., Tampa, for Appellee.

WALLACE, Judge.

            Winding Wood Condominium VI Association, Inc. (Winding Wood),

appeals a final judgment entered in favor of Linda Walls following the entry of a clerk's

default. Winding Wood challenges the trial court's order denying its motion to set aside

the default. Winding Wood also challenges the trial court's entry of a judgment against

it for unliquidated damages without proper notice and a jury trial. We affirm the order

denying the motion to set aside the default, but we reverse the entry of the final judgment to the extent the judgment awarded money damages and attorney's fees in favor of Ms. Walls and remand for a jury trial on the issue of damages and reconsideration of the award of attorney's fees. We affirm the final judgment in all other respects.

## I. THE FACTS AND THE PROCEDURAL BACKGROUND

Ms. Walls filed a complaint asserting four claims against Winding Wood: Count One, breach of contract; Count Two, negligence and breach of fiduciary duty; Count Three, breach of the common law obligation of good faith and fair dealing; and Count Four, injunctive relief. The claims arose out of alleged water intrusion into Ms. Walls' condominium unit and the failure of Winding Wood to take appropriate action to address the problem. Ms. Walls requested a jury trial on the claims alleged in counts one, two, and three of the complaint.

Winding Wood was served with the summons and a copy of the complaint on December 2, 2014. After Winding Wood failed to file a timely response to the complaint, Ms. Walls obtained a clerk's default against Winding Wood on December 31, 2014. Winding Wood filed a motion to set aside the default on January 14, 2015. Winding Wood alleged that its failure to respond timely to the complaint resulted from excusable neglect, and it supported the motion with an affidavit from its president.

At a hearing held on Winding Wood's motion on April 28, 2015, the trial court denied the motion to set aside the default. The trial court entered an order specifically finding that Winding Wood had failed to establish excusable neglect or a

meritorious defense to warrant setting aside the default.[1]  The trial court ruled that there was nothing incorrect about the clerk's default and that the default should stand.

While the motion to set aside the default was pending, Ms. Walls filed a "Plaintiff's Motion for Default Summary Judgment" and a supporting affidavit.  In her motion, Ms. Walls reiterated the facts alleged in her complaint and asserted that she was entitled to a summary judgment for damages and injunctive relief.  In her affidavit, Ms. Walls claimed entitlement to damages stemming from the loss of use of her condominium unit, for extra expenses for meals consumed at restaurants, for maintenance fees and assessments, and for costs related to determining the source of the leak.  She also requested reasonable attorney's fees and costs.  Ms. Walls stated that her damages would continue to accrue until the repair of the exterior wall fronting her unit was completed, and she requested injunctive relief requiring Winding Wood to repair the exterior wall so that she could complete the necessary repairs within the unit. Ms. Walls' counsel also filed an affidavit in support of a claim for reasonable attorney's fees in the amount of $10,078.  An affidavit from Winding Wood's president disputed the facts asserted in the affidavit and the calculation of the damages claimed by Ms. Walls.

On May 14, 2015, Winding Wood filed a "Motion in Opposition to Motion for Default Summary Judgment and Motion to Dismiss/Stay Based on Subject Matter Jurisdiction."  In this motion, Winding Wood argued for the first time that despite the trial court's denial of the motion to set aside the default, any judgment entered against it would be "void" because Ms. Walls' counsel failed to serve Winding Wood's counsel

_____

[1]Ms. Walls did not dispute that Winding Wood had acted with due diligence in moving to set aside the default.

with notice of the application for default. Winding Wood cited two cases from this court in support of its argument: Makes & Models Magazine, Inc. v. Web Offset Printing Co., 13 So. 3d 178 (Fla. 2d DCA 2009), and U.S. Bank National Ass'n v. Lloyd, 981 So. 2d 633 (Fla. 2d DCA 2008). Winding Wood also attached affidavits and copies of e-mails in support of its claim that Ms. Walls' counsel had knowledge that Winding Wood was represented by counsel with regard to Ms. Walls' claims and that it intended to defend any action filed to assert those claims. In addition, Winding Wood claimed for the first time (as a meritorious defense) that the trial court lacked subject matter jurisdiction over Count Four seeking injunctive relief because Ms. Walls was required to submit that claim to arbitration under section 718.1255(4)(a), Florida Statutes (2014), and to provide it with prearbitration notice in accordance with section 718.1255(4)(b)(1), (3).

The trial court conducted a hearing on Ms. Walls' motion for "default summary judgment." There was no testimony taken at this hearing. The trial court decided the matter on the basis of the motion and the affidavits filed in support thereof. After the hearing, the trial court entered a "Default Final Judgment" in favor of Ms. Walls and against Winding Wood. The "Default Final Judgment" ordered Winding Wood to "take all necessary steps to repair the exterior leak occurring at [Ms. Walls' condominium unit] . . . within thirty (30) days of the date of this order." In addition, the trial court awarded Ms. Walls $20,941.54 "representing damages through January 21, 2015, as identified in Plaintiff's Affidavit in Support of Motion for Summary Judgment" and reasonable attorney's fees in the amount of $5546.20. This appeal followed.

## II.  WINDING WOOD'S APPELLATE ARGUMENTS

On appeal, Winding Wood argues that the trial court erred in failing to set aside the default because it established grounds for relief from the default, including excusable neglect, a meritorious defense, and due diligence in moving to set aside the default. In addition, Winding Wood argues that the trial court erred in denying the motion to set aside the default because Ms. Walls' counsel knew that Winding Wood was represented by counsel and intended to defend the action but counsel failed to serve notice of the application for the default as required. Finally, Winding Wood argues that because the damages claimed by Ms. Walls were unliquidated in amount, the trial court erred in entering a judgment against it without conducting a jury trial to determine the amount of damages.[2]

### III. DISCUSSION

### A. The Denial of the Motion to Set Aside the Default

We review an order denying a motion to vacate a clerk's default under an abuse of discretion standard. Hornblower v. Cobb, 932 So. 2d 402, 405 (Fla. 2d DCA 2006) (citing Marshall Davis, Inc. v. Incapco, Inc., 558 So. 2d 206, 207-08 (Fla. 2d DCA 1990)). Further, we apply the well-established principle preferring the decision of an action on its merits. Id. at 405-06.

We first address Winding Wood's argument regarding the trial court's refusal to set aside the default based on the claim of excusable neglect, a meritorious defense, and due diligence in moving to set aside the default. It would add nothing to the jurisprudence of this state to detail the extensive factual background underlying

---

[2]Winding Wood does not challenge the propriety of the trial court's award of injunctive relief based upon the default. Thus we do not address this issue.

- 5 -

Winding Wood's assertions of excusable neglect and a meritorious defense. It is sufficient to say that we conclude that the trial court did not abuse its discretion in finding that Winding Wood failed to establish either of these prerequisites for setting aside the default. Winding Wood's appellate arguments in this regard do not warrant further discussion.[3]

We now consider Winding Wood's argument that the trial court should have set aside the default because Ms. Walls' counsel knew that Winding Wood was represented by counsel and that it intended to defend the claims; nevertheless, Ms. Walls' counsel failed to serve notice of application for the default. "If the plaintiff is aware that the defendant is represented by counsel and intends to defend the litigation on the merits, it is required to serve the defendant with notice of the application for default and to present the matter to the court for entry of the default." Makes & Models, 13 So. 3d at 181. "A default that does not comply with this requirement 'must be vacated without regard to whether the defendant can establish a meritorious defense or whether the defendant can demonstrate inadvertence or excusable neglect.' " Id. (quoting Lloyd, 981 So. 2d at 640).

In its motion to set aside the default, Winding Wood did not raise an issue under Makes & Models and Lloyd about Ms. Walls' failure to provide notice of her intent

---

[3]As noted above, Winding Wood first argued that Ms. Walls was required to arbitrate her claim for equitable relief and to provide it with written prearbitration notice in its "Motion in Opposition to Motion for Default Summary Judgment and Motion to Dismiss/Stay based on Subject Matter Jurisdiction" after the trial court had denied its motion to set aside default. As discussed below, Winding Wood's arguments asserting additional grounds to set aside the default in this motion were untimely. Moreover, section 718.1255 does not apply to Ms. Walls' claim for equitable relief because her demand that Winding Wood repair a common area does not relate to a "dispute" within the meaning of the statute. See § 718.1255(1).

to seek a default. Instead, Winding Wood relied exclusively—and unsuccessfully—on its argument that it was entitled to relief based upon excusable neglect, a meritorious defense, and its due diligence in moving to set aside the default.

The argument based on Ms. Walls' failure to give notice of the application for the default arose after the trial court had denied Winding Wood's motion to set aside the default. At that point, Winding Wood might have filed a motion for reconsideration of the trial court's denial of its motion to set aside the default and set the matter for a hearing. Although the trial court would not have been required to hear the motion to reconsider its denial of Winding Wood's request to set aside the default, it had the discretion to do so. See The Panama City Gen. P'ship v. Godfrey Panama City Inv., LLC, 109 So. 3d 291, 292 (Fla. 1st DCA 2013) ("[W]hile 'a legally insufficient motion to vacate a default cannot be corrected as a matter of *right* by a motion for reconsideration or hearing, a trial court does have the inherent *discretionary* power to reconsider any order entered prior to the rendition of the final judgment in the cause.' " (quoting City of Hollywood v. Cordasco, 575 So. 2d 301, 302 (Fla. 4th DCA 1991))).

But Winding Wood did not file a motion for reconsideration and set it for hearing. Instead, Winding Wood filed a document titled "Motion in Opposition to Motion for Default Summary Judgment and Motion to Dismiss/Stay Based on Subject Matter Jurisdiction." Winding Wood did not set this "motion" for hearing; it just argued the matter at the hearing on Ms. Walls' "Plaintiff's Motion for Default Summary Judgment." Counsel for Ms. Walls responded to the argument, asserting as an issue of fact that it was by no means clear that counsel would be representing Winding Wood in the defense of Ms. Walls' claims. The trial judge did not address Winding Wood's argument

based on Makes & Models and Lloyd either orally at the hearing or in the written judgment that followed.  Accordingly, whatever merit Winding Wood's argument may have had, we are unable to determine from the record whether or not the trial court chose to exercise its discretion to consider the issue.

After a careful review of the record, we conclude that Winding Wood never properly raised the issue about Ms. Walls' failure to give notice of the application for default in the trial court because it did not raise the issue in its motion to set aside the default or in a motion for reconsideration.  See Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.").  Even if Winding Wood preserved the issue by raising it in its "Motion in Opposition to Motion for Default Summary Judgment," it did so at a time when the trial court had the discretion to decline to consider the argument.  See Panama City, 109 So. 3d at 292.

We also note that counsel for Ms. Walls disputed the factual basis underlying Winding Wood's argument.  Although both parties relied on an exchange of e-mails in support of their positions, neither of them offered any further evidence in support of their contentions or asked the trial court to resolve the underlying disputed question of fact.

In addition, we disagree with Winding Wood's contention that failure to provide notice of the default would render any subsequent judgment "void."  Instead, the asserted procedural deficiency was a matter that Winding Wood might have argued as a ground for setting aside the default.  See Makes & Models, 13 So. 3d at 181; Lloyd,

981 So. 2d at 640. Under these circumstances, we do not find an abuse of discretion or reversible error in a refusal by the trial court to consider the matter or in a ruling against Winding Wood if the trial court actually considered the issue.

## B. The Entry of Judgment for Unliquidated Damages without a Trial

Winding Wood argues that the trial court erred in entering the "Default Final Judgment" in favor of Ms. Walls for damages and attorney's fees that were unliquidated in amount without conducting a jury trial on the issue of damages. At the hearing held on Ms. Walls' motion for "default summary judgment," Winding Wood objected to the entry of the requested judgment and pointed out that the damages requested by Ms. Walls were unliquidated in amount and that she had requested a jury trial on the claims asserted in counts one, two, and three of her complaint. Winding Wood argued that it would be error for the trial court to enter a judgment for unliquidated damages under these circumstances.

With regard to the entry of a judgment based on a default, this court has explained as follows:

> A default admits every cause of action that is sufficiently well-pled to properly invoke the jurisdiction of the court and to give due process notice to the party against whom relief is sought. A default also admits the plaintiff's entitlement to *liquidated* damages due under the pleaded cause of action, but not *unliquidated* damages. Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded; i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law. . . . [D]amages are not liquidated if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment.

- 9 -

<u>Szucs v. Qualico Dev., Inc.</u>, 893 So. 2d 708, 712 (Fla. 2d DCA 2005) (quoting <u>Bowman v. Kingsland Dev., Inc.</u>, 432 So. 2d 660, 662-63 (Fla. 5th DCA 1983)). "Whether the damages are liquidated by the complaint is a question of law." <u>Maggiano v. Whiskey Creek Prof'l Ctr., LLC</u>, 160 So. 3d 535, 536 (Fla. 2d DCA 2015) (citing <u>Talbot v. Rosenbaum</u>, 142 So. 3d 965, 967 (Fla. 4th DCA 2014)).

None of the sums comprising the $20,941.54 award of damages made to Ms. Walls could have been ascertained from the complaint. The individual amounts awarded by the court were as follows: (1) the loss of use of the condominium unit, $468 per month for seven months, $3276; (2) extra expenses for food consumed at restaurants for seven months, $11,942.14; maintenance fees and assessments, $5544.40; and (4) costs incurred to determine the source of the leak, $179. All of the damages awarded were unliquidated in amount. The trial court awarded Ms. Walls an additional $5546.20 for attorney's fees and costs. The claims for reasonable attorney's fees and costs are considered to be unliquidated damages. <u>See</u> <u>Paramo v. Floyd</u>, 154 So. 3d 477, 478 (Fla. 2d DCA 2015) (citing <u>Holiday Gulf Builders, Inc. v. Tahitian Gardens Condo., Inc.</u>, 443 So. 2d 143, 145 (Fla. 2d DCA 1983)). Thus Winding Wood was entitled to proper notice and a jury trial on the unliquidated damages sought by Ms. Walls, despite the entry of the default. <u>See</u> Fla. R. Civ. P. 1.440(c) ("In actions in which the damages are not liquidated, the order setting the action for trial shall be served on parties who are in default in accordance with rule 1.080."); <u>Holiday Gulf Builders</u>, 443 So. 2d at 144 (holding "that the trial court erred in entering a final [default] judgment awarding damages and attorney's fees . . . without submitting the issue of damages to a

jury [where the plaintiff] requested a jury trial in two of the three counts of the complaint").

## IV. CONCLUSION

For the foregoing reasons, we affirm the order denying Winding Wood's motion to set aside the default. However, we reverse the "Default Final Judgment" to the extent that it awarded money damages and attorney's fees to Ms. Walls and remand for a jury trial on the issue of damages and reconsideration of the award of attorney's fees. We affirm the "Default Final Judgment" in all other respects.

Affirmed in part, reversed in part, and remanded.


MORRIS and BLACK, JJ., Concur.