# Third District Court of Appeal

## State of Florida

Opinion filed January 27, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1292
Lower Tribunal No. 19-24688
_____


**ACE Funding Source, LLC,**
Appellant,

vs.

**A1 Transportation Network, Inc.,**
Appellee.


An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

The Law Offices of Steven Zakharyayev and Steven Zakharyayev (New York, NY), for appellant.

Sheldon J. Burnett, for appellee.


Before FERNANDEZ, LOGUE, and GORDO, JJ.

FERNANDEZ, J.

Appellant Ace Funding Source, LLC ("Ace") appeals the trial court's non-final order denying Ace's motion to vacate the clerk's default and the default final judgment entered in favor of appellee A1 Transportation Network, Inc. ("A1"). Upon review of the record, we find that the trial court abused its discretion in denying Ace's motion to vacate the clerk's default and reverse with instructions to vacate the clerk's default and the default final judgment.

This Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(5). "An order denying a motion to vacate a clerk's default is reviewed under an abuse of discretion standard." Makes & Models Magazine, Inc. v. Web Offset Printing Co., Inc., 13 So. 3d 178, 181 (Fla. 2d DCA 2009).

In the motion to vacate and in the supporting affidavit of Ace's registered agent, Ace alleged that before entry of the clerk's default, the attorneys from both sides discussed defendant's representation by counsel and its intent to defend. A1 did not file a response to the motion to vacate, and there is no transcript of the hearing. Therefore, Ace's statements went unchallenged. The trial court ultimately denied Ace's motion to vacate the clerk's default because Ace had been served with the complaint, and Ace

2

failed to establish excusable neglect, due diligence, and a meritorious defense.[1]

"Florida Rule of Civil Procedure 1.500, which allows entry of a clerk's default when a party fails to file or serve any paper in an action, should be liberally construed in favor of deciding cases on the merits." Id. Rule 1.500 provides that a clerk's default is only appropriate if the defendant "has failed to file or serve any paper in the action." Fla. R. Civ. P. 1.500(a). As this Court recently instructed, "For purposes of construing the right to enter a default under rule 1.500(a), the term 'paper' is construed liberally and includes any written communication that informs the plaintiff of the defendant's intent to contest the claim." Contreras v. Stambul, LLC, 45 Fla. L. Weekly D2032 at *1 (Fla. 3d DCA Aug. 26, 2020) (quoting Becker v. Re/Max Horizons Realty, Inc., 819 So. 2d 887, 890 (Fla. 1st DCA 2002)); see also Makes & Models Magazine, Inc., 13 So. 3d at 181 ("A default that does not comply with this requirement 'must be vacated without regard to whether the defendant can establish a meritorious defense or whether the defendant can demonstrate

---

[1] We acknowledge that the trial judge recognized that her original order denying the motion to vacate should be revisited due to an intervening opinion that was published after her order issued, but by that time she had lost jurisdiction due to this present appeal.

3

inadvertence or excusable neglect.'" (quoting <u>U.S. Bank Nat'l Ass'n v. Lloyd</u>, 981 So.2d 633, 640 (Fla. 2d DCA 2008)).

Correspondence between the parties' attorneys prior to entry of a clerk's default falls squarely within the definition of "paper," as defined by this Court. Because A1 was on notice that Ace was represented by counsel and intended to defend against the dispute, we find that "the clerical default was improvidently entered and the ensuing final judgment cannot stand." <u>Contreras</u>, 45 Fla. L. Weekly D2032 at *2. Accordingly, we reverse and remand with instructions to vacate the clerk's default and the default final judgment.

Reversed and remanded with instructions.