# Third District Court of Appeal

## State of Florida

Opinion filed February 17, 2021.

_____

No. 3D19-2524
Lower Tribunal No. 15-8600
_____

**Celso Corrales,**
Appellant,

vs.

**Jeanette Corrales,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Bofill Law Group, and Jose C. Bofill, for appellant.

Kohlman Law LLLP, and Robert F. Kohlman, for appellee.

Before MILLER, GORDO, and BOKOR, JJ.

### *ON MOTION FOR REHEARING*

MILLER, J.

We grant appellant's motion for rehearing, withdraw our previously issued opinion, and substitute the following in its stead:

Appellant, Celso Corrales, the husband, challenges an amended final decree dissolving his marriage with appellee, Jeanette Corrales, the wife. On appeal, the husband complains of various alleged errors, all grounded upon a perceived lack of proof. We affirm and write only to address narrow issues bearing upon the characterization, distribution, and valuation of certain assets and the award of retroactive and ongoing alimony.[1]

## BACKGROUND

The husband and wife wed nearly thirty years ago, and the union yielded a son, now an adult. Immediately after their marriage, the couple moved into a home in Westchester, Florida, owned solely by the husband, and, together, worked long hours to build a lucrative automobile repair shop. Both regularly drew salaries from the business.

---

[1] We summarily deny the other claims raised on appeal. See SP Healthcare Holdings, LLC v. Surgery Ctr. Holdings, LLC, 208 So. 3d 775, 781 (Fla. 2d DCA 2016) ("[A]n order that only determines entitlement to attorney's fees and does not set the amount is a nonfinal and nonappealable order.") (citation omitted); § 61.075(6)(b)(2), Fla. Stat. ("'Nonmarital assets and liabilities' include: . . . [a]ssets acquired separately by either party by noninterspousal gift.").

Due to their occupational success, the couple enjoyed an affluent lifestyle. They enrolled their son in private school, drove luxury automobiles, accumulated vast collections of jewelry, watches, antiques, and firearms, and acquired several pieces of art and real estate, including a condominium unit on Miami Beach.

The marriage eventually deteriorated, and, in 2011, while the wife was traveling with their son to a baseball tournament, the husband moved out of the marital home. Upon returning, the wife and son found the interior of the house in a state of disarray with two large safes open. The wife soon discovered the husband had withdrawn nearly $190,000.00 from a jointly held bank account and numerous items of value, including jewelry, watches, financial records, furniture, antiques, and artwork, were missing from both the marital home and the Miami Beach condominium.

Although the couple temporarily reunited, a permanent reconciliation remained elusive. The husband began to openly withhold financial support from the family by refusing to allow the wife to draw her usual salary and cancelling her credit cards, failing to pay for utility services and maintenance of the marital residence, and, inexplicably, insisting the son transfer into the public school system for his final two years of high school.

3

In 2015, the husband filed for dissolution. The wife counter-petitioned, and, following the closing of the pleadings, the case proceeded to a heavily contested and protracted trial. After receiving testimony from the parties, along with vocational and property experts, forensic accountants, and attorneys, the lower tribunal entered a detailed final judgment, resolving credibility disputes and setting forth a plan of equitable distribution. The husband successfully moved for rehearing, resulting in the entry of an amended decree, and the instant appeal ensued.

## STANDARD OF REVIEW

"A trial court's legal conclusion that an asset is marital or nonmarital is subject to de novo review." Bell v. Bell, 68 So. 3d 321, 328 (Fla. 4th DCA 2011) (citation omitted). However, an award of alimony, along with the equitable distribution of assets and liabilities, is within the trial court's broad discretion. See McCants v. McCants, 984 So. 2d 678, 683 (Fla. 2d DCA 2008). Thus, in this context, our appellate review is limited to examining the record to determine whether the court's "findings regarding the amount of alimony awarded," Farley v. Farley, 858 So. 2d 1170, 1172 (Fla. 2d DCA 2003) (citation omitted), and the "valuation of marital assets . . . is supported by competent, substantial evidence." Dravis v. Dravis, 170 So. 3d 849, 853 (Fla. 2d DCA 2015) (citation omitted).

**LEGAL ANALYSIS**

As a threshold matter, the husband contends the lower tribunal erroneously failed to award him a portion of the value of the marital home as a nonmarital asset. The husband owned the residence prior to the union. During the marriage, the parties obtained various advances from equity lines of credit secured by the residence in order to fund the family business. The debt incurred dwarfed the estimated premarital value of the property, and marital income was used to satisfy repayment of the obligations.

It is axiomatic the husband bore the burden of proof to establish the value of any nonmarital portion of the residence. See Konz v. Konz, 63 So. 3d 845, 846 (Fla. 4th DCA 2011); Jahnke v. Jahnke, 804 So. 2d 513, 517 (Fla. 3d DCA 2001). Nonetheless, here, he failed to timely frame the issue in his pleadings, and the evidence presented below as to both historical value and appreciation of the residence fell short of that degree which would justify a finding of error. See Abbott v. Abbott, 98 So. 3d 616, 617-18 (Fla. 2d DCA 2012) ("[C]ourts are not authorized to award relief not requested in the pleadings. To grant unrequested relief is an abuse of discretion and reversible error.") (citations omitted); see also Booth v. Hicks, 301 So. 3d 369, 370 (Fla. 2d DCA 2020) ("It is well-settled that a trial court violates due process and commits reversible error when it grants a party relief that the

party did not request.") (citations omitted); <u>Baricchi v. Barry</u>, 137 So. 3d 1196, 1197 (Fla. 2d DCA 2014) (finding due process was violated where spouse's "amended petition asserted new claims and requested relief that was not specifically identified in the initial pleading"); <u>Versen v. Versen</u>, 347 So. 2d 1047, 1050 (Fla. 4th DCA 1977) (holding the liberality in granting motions to amend the pleadings "gradually diminishes as the case progresses to trial") (citation omitted).

The husband further assails the unequal distribution of assets, along with the valuation of the automotive repair business and a Ferrari. Although the discretion of the trial court in disposing of marital property is tempered by Florida's statutory presumption in favor of equal distribution, the law recognizes there are certain instances where "there is a justification for unequal distribution based on all the relevant factors." § 61.075(1), Fla. Stat. In accord with these principles, "a trial court need not equalize the financial position of the parties" but must "ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune." <u>Canakaris v. Canakaris</u>, 382 So. 2d 1197, 1204 (Fla. 1980).

Here, after presiding over the lengthy trial, the lower court rendered an exhaustive order, detailing the intentional misconduct of the husband in secreting and dissipating assets, all purportedly in preparation for his future

6

dissolution filing.  Moreover, the valuations embraced by the lower tribunal were grounded upon expert opinion.  Recognizing "the trial court's superior vantage point in assessing the credibility of witnesses and in making findings of fact," we conclude the challenged findings are well-supported by competent, substantial evidence.  Porter v. State, 788 So. 2d 917, 923 (Fla. 2001).

Lastly, given the evidence regarding the length of the marriage, needs of the wife, and disparity in income and earning ability, along with the lavish marital lifestyle, we find no abuse of discretion in either of the alimony awards.  See Hill v. Hooten, 776 So. 2d 1004, 1007 (Fla. 5th DCA 2001).  Accordingly, we affirm the decision under review in its entirety.

Affirmed.