# Third District Court of Appeal

## State of Florida

Opinion filed December 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1169
Lower Tribunal No. 22-9519-FC-04
_____

**Alan Oria,**
Appellant,

vs.

**Shanifer Velastegui,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marcia De Rey, Judge.

Lisa A. Baird, P.A., and Lisa A. Baird, for appellant.

Swickle & Associates, PLLC, and Adam B. Swickle (Fort Lauderdale), for appellee.

Before LOGUE, C.J., and EMAS, and SCALES, JJ.

SCALES, J.

Appellant Alan Oria (the "father") appeals a June 3, 2024 final order that dismissed, in part, the father's August 8, 2023 verified supplemental petition ("modification petition") to modify the agreed-to parenting plan for the minor child of the father and appellee Shanifer Velastegui (the "mother"). We affirm the trial court's dismissal of that portion of the modification petition seeking to modify the parenting plan to include a separate provision for holiday and school break timesharing with the child. But we reverse the order as it relates to the other relief sought in the modification petition and remand for further proceedings on those issues.

## I.    Relevant Background

In May 2022, the father petitioned the family division of the Miami-Dade County circuit court to ratify a paternity agreement between the father and the mother for the unmarried couple's minor child. The paternity agreement, which sets forth a parenting plan for the child, was approved by the lower court and incorporated into a June 2, 2022 final judgment of paternity.

The parties cohabited when the trial court ratified the paternity agreement. Contemplating the possibility that the parties might someday separate, the paternity agreement specifies that if the parties cease residing together, the parties agree to equally divide their time with the child and to adhere to a strict timesharing schedule set forth in a chart included in the

2

agreement. The chart does not provide a different timesharing schedule for holidays and school breaks. Nor does the agreement address a variety of other issues that might arise if the parties were to cease living together.

On August 8, 2023, the father filed his modification petition below, seeking to modify the parties' parenting plan to include specific provisions for: (i) holiday and school break timesharing with the child; (ii) the methods and frequency of the parties' communications with the child; (iii) traveling abroad with the child; (iv) the manner for holding the child's passport; and (v) the parties' respective rights to claim a child tax credit. The modification petition alleges entitlement to the modifications because the parties' ceased cohabitation purportedly constitutes a substantial and material change in circumstances.[1]

---

[1] Section 61.13 of the Florida Statutes provides in relevant part:

> For purposes of . . . modifying a parenting plan, including a time-sharing schedule, which governs each parent's relationship with his or her minor child and the relationship between each parent with regard to his or her minor child, the best interests of the child must be the primary consideration. A determination of . . . a parenting plan[] or a time-sharing schedule may not be modified without a showing of a substantial and material change in circumstances and a determination that the modification is in the best interests of the child.

§ 61.13(3), Fla. Stat. (2023).

3

On October 18, 2023, the trial court entered a default against the mother. Following the denial of the mother's subsequent motion to vacate the default, the court conducted a March 18, 2024 non-evidentiary hearing on the father's modification petition. At the hearing, the parties stipulated to a plan addressing the methods and frequency of the parties' communications with the minor child, but agreed on none of the other relief sought in the modification petition.

On June 3, 2024, the trial court entered the challenged order. The order modifies the parties' parenting plan to include the parties' stipulation regarding communication with the minor child. Finding that (i) the modification petition fails to allege the requisite substantial and material change in circumstances, and (ii) the court lacks the authority to rewrite the terms of the agreed-to paternity agreement to address issues not specifically addressed therein, the trial court dismissed the remainder of the modification petition. The father timely appealed this June 3, 2024 final order.

## II.    Analysis[2]

---

[2] While we normally review an order denying a petition to modify a paternity agreement for an abuse of discretion, see Brown v. Brown, 180 So. 3d 1070, 1071 (Fla. 1st DCA 2015), when the trial court dismisses, rather than denies, a petition based on the petition's insufficient allegations, a pure question of law is presented that we review *de novo.* See Harrell v. Friend, 388 So. 3d 1086, 1089-90 (Fla. 1st DCA 2024) ("The instant case differs from the typical appeal from a circuit court order denying modification, because in this case

The father's principal argument is that, by virtue of the mother's default, the trial court was required to accept as true the modification petition's conclusory allegation that "[t]here have been substantial changes in the parties' circumstances since the date of the Final Judgment that are substantial, material, and permanent that warrant a modification," and that the trial court reversibly erred in determining otherwise. Under the facts and circumstances presented in this case, we conclude that the trial court did not err in dismissing the father's petition as to the father's holiday and school break timesharing claim. But we agree with the father with regard to issues not addressed in the paternity agreement.

### A. The Modification Petition's Holiday and School Break Timesharing Claim

With respect to the father's holiday and school break timesharing claim, the modification petition alleges that the change in circumstances warranting modification is that the parties have stopped living together. The problem with this argument, though, is that the paternity agreement's parenting plan – which was incorporated into the final judgment of paternity

---

the court dismissed the amended petition without an evidentiary hearing. The circuit court found that the facts alleged in the amended petition, even if true, could never, as a matter of law, constitute a substantial and material change in circumstances sufficient to allow for modification. Because the circuit court's ruling was based on a conclusion of law, we apply a de novo standard of review.") (footnote omitted).

that the trial court retained jurisdiction to enforce – expressly adopts a detailed timesharing schedule that becomes effective "[i]n the event the parties no longer reside together." In the event an attachment to a pleading contradicts the pleading's allegations, the attachment prevails. See Geico Gen. Ins. Co. v. Graci, 849 So. 2d 1196, 1199 (Fla. 4th DCA 2003) ("When there are conflicts between the allegations and documents attached as exhibits, the plain language of the documents control."). The same holds true here, where the modification petition's timesharing allegations are contradicted by the express terms of the paternity agreement's parenting plan. The terms of the agreement prevail.

Thus, notwithstanding the mother's default, with regard to holiday and school break timesharing, the trial court was not required to accept, as true, the modification petition's allegations that a substantial and material change in circumstances occurred, warranting a modification of the parenting plan. See Barrichi v. Barry, 137 So. 3d 1196, 1197 (Fla. 2d DCA 2014) (noting that a "default only admits the well-pleaded facts"). Because the paternity agreement expressly contemplates the alleged change in circumstances, the

trial court correctly dismissed this portion of the father's petition. We, therefore, affirm this aspect of the challenged order.[3]

*B. The Modification Petition's Three Remaining Claims*

Unlike holiday and school break timesharing, the other modifications sought in the modification petition – i.e., travel with the child, possession of the child's passport, and entitlement to a child tax credit – are not addressed in, much less contradicted by, the paternity agreement. With regard to these three issues, the modification petition's alleged change in circumstances are properly pled and, by virtue of the mother's default, the trial court is required to accept, as true, that there is a substantial and material change in circumstances warranting a modification of the paternity agreement. See Longo v. Longo, 576 So. 2d 402, 403 (Fla. 2d DCA 1991) ("A party against whom a default is entered can only be said to have admitted the well-pleaded facts, and to have acquiesced in the relief specifically prayed for.").

---

[3] We are not persuaded by the father's alternate argument that, because the paternity agreement does not specifically address holiday and school break timesharing, the trial court should conduct an evidentiary hearing on the issue. While it is certainly a better practice for a timesharing agreement to address holidays and school breaks, the father has cited to us no authority that suggests a detailed timesharing chart, such as the one included in the paternity agreement, is somehow *ipso facto* subject to judicial modification simply because the agreed-to schedule treats holidays and school breaks no differently from other days.

We, therefore, reverse the challenged order as to these remaining claims. On remand, the trial court shall conduct an evidentiary hearing to determine whether it is in the best interest of the parties' minor child to modify the paternity agreement as it relates to these issues. See Siebert v. Siebert, 436 So. 2d 1104, 1105 (Fla. 4th DCA 1983) ("[T]he former husband was entitled to the default but the court must proceed to consider the further petition on custody without foreclosing consideration of all relevant factors bearing on the best interest of the children.").

Affirmed in part; reversed in part and remanded with instructions.